■ JANCARLOS BRITO, an Infant, by His Mother and Natural Guardian, ANA REYES, et al., Respondents, v STUART SCHECHTER et al., Appellants. [702 NYS2d 646] —In an action to recover damages for personal injuries, the defendants appeal (1) from an order of the Supreme Court, Queens County (Golar, J.), dated December 15, 1998, which denied their motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for summary judgment on the issue of liability, and (2), as limited by their brief, from so much of an order of the same court dated June 22, 1999, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated December 15, 1998, is dismissed, as that order was superseded by the order dated June 22, 1999, made upon reargument; and it is further,

Ordered that the order dated June 22, 1999, is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to so much of the order dated December 15, 1999, as granted the plaintiffs' cross motion for summary judgment, and substituting therefor a provision, upon reargument, vacating that portion of the order dated December 15, 1999, and denying the cross motion; as so modified, the order dated June 22, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the appellants are awarded one bill of costs.

The Supreme Court erred in awarding the plaintiffs summary judgment on the issue of liability and by adhering to that determination on reargument. The plaintiffs did adduce

facially-persuasive evidence of the defendants' liability for their direct and derivative injuries resulting from the elevated levels of lead in the infant plaintiff's blood. The Bureau of Lead Poisoning Control field inspection conducted on February 8, 1995, and the order of the New York City Department of Health (hereinafter DOH) to abate lead poisoning violations dated February 24, 1995, concluded that there were unsafe levels of lead in the plaintiffs' apartment. However, the defendants adduced persuasive evidence casting these documents in doubt. The defendants promptly contested the DOH findings of lead violations. They retained an independent consultant who concluded from an inspection conducted shortly after the one conducted by the DOH that all lead levels were within acceptable limits. On or about June 19, 1995, the DOH rescinded its previous determination, concluding that "all results were negative". A genuine issue of fact exists as to whether the DOH indeed completely voided its findings of lead violations and its order to abate them.

The plaintiffs persuaded the Supreme Court that the defendants had surreptitiously abated the lead violations by having remedial work performed on February 13 and 14, 1995, after the inspection by the DOH but before the inspection by the defendants' consultant. However, whether that was so is also an issue of fact. The defendants adduced evidence that the work done on February 13 and 14, 1995, was comparatively minor, and was done in compliance with a stipulation dated February 7, 1995, settling an unrelated housing court matter, the terms of which mirrored a housing violation inspection report dated January 24, 1995, *before* the alleged discovery of lead violations. Contrary to the impression fostered by the plaintiffs, the stipulation and the subsequent repairs were not related to the lead allegedly discovered in the plaintiffs apartment on February 8, 1995. Moreover, it is apparent that the repairs undertaken on February 13 and 14, 1995, were not the kind of extensive and complex lead abatement work required by section 173.14 of the DOH regulations contained in article 24 of the New York City Rules and Regulations (24 RCNY 173.14). Accordingly, inasmuch as the defendants submitted sufficient evidence to rebut the evidence adduced by the plaintiffs, the court should not have awarded summary judgment on the issue of liability to the plaintiffs. O'Brien, J. P., Krausman, Florio and McGinity, JJ., concur.