■ DARRELL O'NEAL et al., Appellants-Respondents, v NEW YORK CITY HOUSING AUTHORITY, Respondent-Appellant. [771 NYS2d 548]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated January 3, 2003, as denied their cross motion for summary judgment on the issue of liability, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In their second cause of action, the plaintiffs assert a claim that the defendant violated Administrative Code of the City of New York § 27-2013 (h) (New York City Local Law No. 1 [1982]; hereinafter Local Law 1). Local Law 1 was repealed by the enactment of Administrative Code of the City of New York § 27-2056 *et seq.* (New York City Local Law No. 38 [1999]; hereinafter Local Law 38), effective November 12, 1999. However, Local Law 38 was deemed null and void by the Court of Appeals in *Matter of New York City Coalition to End Lead Poisoning v Vallone* (100 NY2d 337 [2003]), and thus, by operation of law, Local Law 1 was revived (*see Matter of New York City Coalition to End Lead Poisoning v Vallone, supra* at 350).

Paragraph 1 of Local Law 1 provides that "[t]he owner of a multiple dwelling shall remove or cover . . . any paint or other similar surface-coating material having a reading of 0.7 milligrams of lead per square centimeter or greater or containing more than 0.5 percent of metallic lead based on the non-volatile content of the paint or other similar surface-coating material on the interior walls, ceilings, doors, window sills or moldings in any dwelling unit in which a child or children six (6) years of age and under reside" (Administrative Code of City of New York § 27-2013 [h] [1]). Paragraph 2 of Local Law 1, which establishes a rebuttable presumption of a hazardous lead-paint

level, is not applicable as the subject multiple dwelling was constructed in 1973.

In their cross motion for summary judgment on the issue of liability, the plaintiffs contend that the defendant should be charged with constructive notice of the dangerous lead-paint condition under Local Law 1 pursuant to *Juarez v Wavecrest Mgt. Team* (88 NY2d 628 [1996]), since an inspection by the New York City Department of Health showed that dangerous lead-paint levels existed in the apartment inhabited by the plaintiffs and the defendant does not deny that it was aware that a child under the age of seven resided in the apartment.

In *Juarez v Wavecrest Mgt. Team (supra* at 646), the Court of Appeals held that "[u]nder Local Law 1, lead-based paint constitutes a hazard when two conditions are present: first, lead in an amount exceeding the stated threshold and second, a child of six years of age or under residing in the apartment." The Court of Appeals further held that "Local Law 1 gives a landlord constructive notice of any lead paint hazard within an apartment that the landlord knows is occupied by a child of the specified age" (*Juarez v Wavecrest Mgt. Team, supra* at 647).

Here, summary judgment on the issue of liability was not warranted where, in response to the allegations in the complaint that a lead-paint hazard existed, the defendant submitted evidence which raised a triable issue of fact as to whether the lead in the subject apartment exceeded the stated threshold (*see Brito v Schechter,* 269 AD2d 345 [2000]). A triable issue of fact also exists as to whether the defendant took reasonable efforts to prevent the dangerous lead-paint condition (*see Juarez v Wavecrest Mgt. Team, supra* at 644; *Rivas v 1340 Hudson Realty Corp.,* 234 AD2d 132 [1996]).

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint since the defendant failed to demonstrate the absence of a triable issue of fact (*see Alvarez v Prospect Hosp., supra).*

The parties' remaining contentions are without merit. Florio, J.P., Smith, Luciano and Rivera, JJ., concur.