■ ANA JIMINEZ, by Her Mother and Natural Guardian, ANDREA JIMINEZ, et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [775 NYS2d 530]—

Judgment, Supreme Court, New York County (Norman C. Ryp, J.), entered November 26, 2002, after a jury trial, in an action by an infant for personal injuries caused by lead paint in defendant-appellant's premises, awarding plaintiff prestructured damages in the principal amounts of $75,000 for past pain and suffering, $360,000 for future pain and suffering over 30 years, $72,000 for future speech therapy over six years, $120,000 for future tutoring over six years, $56,160 for future psychotherapy over nine years, and $112,000 for loss of earning potential over 28 years, unanimously affirmed, without costs.

Defendant failed to rebut the presumption in Local Law No. 1 (1982) of the City of New York "that, in any building erected prior to 1960, peeling paint in a dwelling unit occupied by a child six years of age or under comprises a hazardous lead condition" (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 647 [1996]). Given the presumption, it was defendant's burden to show the absence of hazard, not plaintiff's to show its existence (*cf. Woolfalk v New York City Hous. Auth.*, 263 AD2d 355 [1999]). Thus, it does not avail defendant to argue that plaintiff's expert's tests failed to show the existence of a dangerous level of lead in the apartment. In any event, defendant's evidence to that effect at best raised only issues of expert credibility as to whether the tests were properly performed and interpreted, which issues were properly submitted to the jury (*see Mejia v JMM Audubon*, 1 AD3d 261 [2003]). A fair interpretation of the evidence, including, in particular, the testimony of plaintiff's expert neurologist, also supports a finding that even if the assertedly unreliable fingerstick test were disregarded, the level of lead in plaintiff's blood was high enough to cause the injuries she suffered (*see Seay v Greenidge*, 292 AD2d 173 [2002]). The damage awards are not against the weight of the evidence and do not deviate materially from what is reasonable compensation (*cf. id.*; *Sampson v New York City Hous. Auth.*, 256 AD2d 19 [1998]). We have considered defendant's other arguments and find them unavailing. Concur—Nardelli, J.P., Andrias, Sullivan and Ellerin, JJ.