██ JAMES SKERRITT, Individually and as Parent and Natural Guardian of BRANDON SKERRITT, an Infant, Respondent, v RICHARD N. BACH, Defendant, and MICHAEL J. BEAUDETTE, Appellant. [805 NYS2d 213]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered February 23, 2005. The order, inter alia, denied the cross motion of defendant Michael J. Beaudette to dismiss that part of the first cause of action seeking damages on behalf of plaintiff's son as well as the derivative cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion and dismissing that part of the first cause of action seeking damages on behalf of plaintiff's son and dismissing the third cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action pursuant to 42 USC § 4852d, the Residential Lead-Based Paint Hazard Reduction Act of 1992 (Act), seeking, inter alia, damages for injuries sustained by his son as a result of lead-based paint hazards that were present in a residence purchased by plaintiff from Michael J. Beaudette (defendant). Plaintiff's son was three years old when his father purchased the residence. We agree with defendant that plaintiff's son lacks standing to seek damages and that Supreme Court therefore erred in denying defendant's cross motion to dismiss that part of the first cause of action seeking damages on behalf of plaintiff's son as well as the derivative cause of action.

The Act provides, inter alia, that the seller or lessor of residential housing must provide the purchaser or lessee with a lead hazard information pamphlet, and must disclose to the purchaser or lessee the presence or any known lead-based paint or lead-based paint hazards "before the purchaser or lessee is obligated under any contract to purchase or lease the housing" (42 USC § 4852d [a] [1]). The Act further provides that "[a]ny person who knowingly violates the provisions of this section shall be jointly and severally liable to the purchaser or lessee in an amount equal to 3 times the amount of damages incurred by such individual" (§ 4852d [b] [3]).

"The preeminent canon of statutory interpretation requires [courts] to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.' . . . Thus, [a court's] inquiry begins with the statutory text, and ends there as well if the text is unambiguous" (*BedRoc Limited, LLC v United States*, 541 US 176, 183 [2004]). Here, based upon the express language of the Act designating the purchaser or lessee of a residence as the person intended to be protected thereby, we conclude that plaintiff's son is not within the class of persons intended to be protected by the Act.

Moreover, we note that, although Congress found that the presence of lead-based paint hazards is particularly hazardous to children under the age of six (*see* 42 USC § 4851), there is no implied private right of action on the part of plaintiff's son pursuant to the Act. The Act requires notice of lead-based paint hazards to potential purchasers or lessees and provides the means to avoid a purchase or lease agreement in the event that lead-based paint hazards are present (*see* § 4852d [a] [1] [A]-[C]). We therefore conclude that it is not "consistent with the underlying purposes of the legislative scheme to imply" a remedy for plaintiff's son, who is not a purchaser or a lessee (*Cort v Ash*, 422 US 66, 78 [1975]). For those reasons, we further conclude that plaintiff's son is not within " 'the zone of interests protected by' " the Act (*Elk Grove Unified School Dist. v Newdow*, 542 US 1, 12, quoting *Allen v Wright* 468 US 737, 751), and thus plaintiff's son lacks standing under that theory as well. We therefore modify the order accordingly. Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.