■ MAURICE HANLAN, an Infant, by His Mother and Natural Guardian, NATALIE CHARLES, et al., Appellants, v PARKCHESTER NORTH CONDOMINIUM, INC., et al., Respondents. [822 NYS2d 46]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered August 5, 2005, which granted defendant Parkchester North Condominium's motion and defendant Citibank's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants having established, prima facie, their entitlement to summary judgment, it was incumbent on plaintiffs to come forward with evidence establishing a material issue of fact requiring a trial (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Plaintiffs failed to meet that burden. Neither Citibank, the mortgagor of the condominium unit, nor Parkchester, the manager of the condominium complex, owned or controlled the premises at issue, or assumed any duty to plaintiffs, such as might serve as a predicate for liability (*see Gibbs v Port Auth. of N.Y.*, 17 AD3d 252 [2005]). Furthermore, neither defendant had actual or constructive notice of the lead paint condition alleged to have caused injury (*see Chapman v Silber*, 97 NY2d 9 [2001]).

Even assuming, arguendo, the applicability of Local Law No. 1 of 1982 to a condominium complex and to these defendants, the infant plaintiff did not reside in the condominium unit at issue, but instead lived in a unit distinct from that in which the lead paint condition was found. There is no evidence that any child under seven was a resident of the subject unit (*see* Housing Maintenance Code [Administrative Code of City of NY] for-

mer § 27-2013 [h], now §§ 27-2056.3, 27-2056.18). Concur—
Mazzarelli, J.P., Andrias, Sullivan, Nardelli and McGuire, JJ.