■ CHRISTIAN IBERT, an Infant, by His Mother and Natural Guardian, GERMANIA IBERT, et al., Respondents, v TUSCAN ASSOCIATES, INC., et al., Defendants, and MARIO MILEVOI et al., Appellants. [829 NYS2d 64]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered May 18, 2006, which, upon reargument, denied the Milevoi defendants' motion for summary judgment dismissing the complaint and cross claims as against them, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 21, 2005, unanimously dismissed, without costs, as superseded by the appeal from the May 18, 2006 order.

This is an action for personal injuries allegedly sustained by the infant plaintiff (born April 2, 1988) as the result of his alleged exposure to lead paint in the apartment where his family resided from August 1985 until May 1992. The Milevoi defendants, who are appealing the denial of their motion for summary judgment, purchased the building containing the subject apartment on October 31, 1991, and continued to own it for the remainder of plaintiffs' tenancy.

In support of their summary judgment motion, the Milevois submitted documentary evidence establishing that, on June 3, 1991 (about five months before they purchased the building), an inspector of the New York City Department of Housing Preservation and Development (HPD) reported that previously ordered "deleading" of the apartment's bathroom and living room had been "completed," and, on the same date, the City's Department of Health (DOH) issued a "Report of Inspection" certifying that "all [previously noticed] violations" in the apartment had been "complied with," i.e., remedied. In addition, the Milevois submitted deposition testimony that, during plaintiffs' tenancy, they had been unaware that a child six years of age or under was living in the apartment. This evidence was sufficient to satisfy the Milevois' initial burden of establishing a prima facie entitlement to judgment (*see generally Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 641-645 [1996]). However, plaintiffs' opposition raised material issues of fact.

With respect to whether the Milevois had notice that a child six years or under lived in the apartment, the infant plaintiff's mother was the tenant of record, the lease provided that she would be living in the apartment with her immediate family, the child had lived in the apartment all his life, and the Milevois retained the former owner's superintendent after purchasing the building. For present purposes, it can be reasonably inferred that the superintendent of this 26-unit building knew that the child was living in the apartment with his mother. Such knowledge is imputable to the Milevois, and raises an issue as to

whether they had constructive notice that a child lived in the apartment (*see Munoz v 42 Holding Corp.*, 30 AD3d 361 [2006]; *compare Worthy v New York City Hous. Auth.*, 18 AD3d 352 [2005] [child "occasionally" observed by building employees in company of tenant of record, his aunt]). In addition, the Milevois purchased the building subject to violations and argue, based on the aforementioned June 1991 reports of HPD and DOH, that they acted reasonably under the circumstances. At the least, an issue exists as to whether these same reports—which, as indicated, the Milevois assert they relied upon—put the Milevois on notice that a child lived in the apartment.

With respect to whether lead was present in the apartment after the Milevois' purchase of the building, it appears that HPD made an inspection on April 9, 1992 (about one month before plaintiffs vacated the apartment) and determined that lead was present in the fallen bathroom ceiling. The condition was not remedied until after plaintiffs vacated the apartment in May 1992. While the Milevois argue that the aforementioned June 1991 inspection reports by HPD and DOH indicate that the paint in the bathroom could not have contained lead, the apparent conflict between the June 1991 reports and the April 1992 report raises an issue of fact as to which determination was accurate.

With respect to whether the child ingested lead-based paint while the Milevois owned the building, it may be reasonably inferred that the child inhaled dust from the broken ceiling during April and May of 1992, notwithstanding that the mother never saw him eating paint chips.

Finally, a triable issue exists as to whether the Milevois acted reasonably under the circumstances (*see Juarez*, 88 NY2d at 644) during the period from on or about April 9, 1992 until plaintiffs vacated the apartment at some point in May 1992. While the record is not clear as to when the mother informed the Milevois of the broken ceiling, it does show that HPD inspected the ceiling and found lead present on April 9, 1992, and that abatement work was not completed until after plaintiffs vacated the apartment the following month. Thus, a trial is required to determine whether the Milevois acted reasonably to abate any lead hazard that may have been posed by the broken bathroom ceiling during the period between the time they learned of that hazard's existence on or about April 9, 1992, until the end of plaintiffs' tenancy in May 1992. We note that this is the only period of time as to which there exists a triable issue concerning the reasonableness of the Milevois'

conduct. Concur—Mazzarelli, J.P., Friedman, Williams, McGuire and Malone, JJ.