■ GERANGEL DUARTE et al., Appellants, v COMMUNITY REALTY CORPORATION et al., Respondents. [839 NYS2d 231]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Rosengarten, J.), entered May 19, 2006, which granted the defendants' motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

Pursuant to Local Law No. 1 (2004) of the City of New York (hereinafter Local Law 1), the owner of a multiple dwelling must remove or cover paint containing specified hazardous levels of lead in any apartment in which a child six years of age or younger resides (*see* Administrative Code of City of NY former § 27-2013 [h], now §§ 27-2056.3, 27-2056.18; *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628 [1996]; *O'Neal v New York City Hous. Auth.*, 4 AD3d 348 [2004]). Violation of Local Law 1, however, does not result in absolute liability (*see Juarez v Wavecrest Mgt. Team, supra* at 643). To impose liability on a landlord for a lead-based paint condition, a plaintiff must establish that the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been remedied (*see Juarez v Wavecrest Mgt. Team, supra* at 646). In multiple dwellings located in the City of New York, constructive notice of a hazardous condition is presumed where the landlord has notice that a child under the age of six resides in the unit (*see Juarez v Wavecrest Mgt. Team, supra* at 647; *Chadwick v Sabin*, 304 AD2d 603, 603-604 [2003]).

Even if the defendants did not establish, prima facie, that the building was not a multiple dwelling, they nevertheless submitted evidence sufficient to establish that they did not have notice that a child under the age of six resided at the subject apartment before the infant plaintiff allegedly sustained any injuries. In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law on this ground, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact as to whether the defendants had such notice. Miller, J.P., Mastro, Lifson and Carni, JJ., concur.