■ STEVEN JOLICOEUR, Appellant, v GREAT OAKS ASSOCIATES, LTD., et al., Respondents. [841 NYS2d 665]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 16, 2006, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.

The infant plaintiff allegedly sustained injuries from exposure to lead paint while residing in an apartment building owned by the defendants. At the time the infant plaintiff's family resided in the building, Local Law No. 1 (1982) of the City of New York (Administrative Code of City of NY § 27-2013 [h]) was in effect, and required owners of multiple dwelling units to remove or cover any lead-based paint in units inhabited by children six years of age or younger (*see Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 343 [2003]; *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642 [1996]). Local

Law No. 1 also created a rebuttable presumption that peeling paint in any multiple dwelling erected prior to January 1, 1960, where a child six years of age or younger resided, constituted lead-based paint for abatement purposes (*see Matter of New York City Coalition to End Lead Poisoning v Vallone, supra* at 344; *Juarez v Wavecrest Mgt. Team, supra* at 642). Where the presumption applies, it is the defendant property owner's "burden to show the absence of a hazard, not [the] plaintiff's to show its existence" (*Jiminez v City of New York,* 7 AD3d 268, 269 [2004]).

In support of their motion for summary judgment, the defendants failed to establish that the presumption created by Local Law No. 1 did not apply or to rebut that presumption (*see Juarez v Wavecrest Mgt. Team, supra; Jiminez v City of New York, supra; Hiraldo v Khan,* 267 AD2d 205 [1999], *affd* 8 AD3d 230 [2004]). It is undisputed that the subject multiple dwelling was constructed prior to 1960. In addition, the defendants offered no evidence that they were unaware that a child under the age of seven resided in the units leased to the infant plaintiff's family and that they had no actual or constructive notice of the alleged existence of peeling paint in these units. Since the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law, their motion should have been denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.