■ PIERRE FRITZBERG et al., Respondents, v RICHARD ALBERT et al., Appellants, et al., Defendants. [851 NYS2d 643]—

In an action to recover damages for personal injuries, etc., the defendants Richard Albert and 222 Realty, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated July 5, 2006, as denied that branch of their motion which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant Richard Albert.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff allegedly sustained injuries from exposure to lead-based paint while residing in a multiple dwelling built prior to 1960 and owned by the defendant 222 Realty, LLC. The plaintiffs moved into the subject building in March of 1996,

when the infant plaintiff was less than one year old. On March 25, 1997 the defendant Richard Albert conveyed the subject building to the defendant 222 Realty, LLC. In June 2000 the infant plaintiff was diagnosed with elevated blood lead levels and the apartment was subsequently found to have eight lead-based paint violations. The plaintiffs commenced this action, inter alia, to recover damages based on the alleged negligence of Albert and 222 Realty, LLC (hereinafter together the defendants).

There is no dispute that the defendants were aware that the infant plaintiff resided in the apartment. During the period of the infant plaintiff's alleged injury, Local Law No. 1 (1982) of the City of New York (Administrative Code of City of NY § 27-2013 [h]) was in effect and required owners of multiple-dwelling units to remove or cover any lead-based paint in units inhabited by children six years of age or younger (*see Matter of New York City Coalition to End Lead Poisoning v Vallone,* 100 NY2d 337, 343 [2003]; *Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 642, 649 [1996]). "[W]here a landlord has notice that a child under the specified age is residing in an apartment, Local Law No. 1 provides for constructive notice of the hazardous lead condition" (*Juarez v Wavecrest Mgt. Team,* 88 NY2d at 647). Thus, the Supreme Court properly determined that a triable issue of fact existed requiring the denial of that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against Albert (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), as Albert may be liable for the alleged injuries sustained by the infant plaintiff from the date the plaintiffs moved into the apartment until March 25, 1997. Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.