■ Jahid Roni et al., Plaintiffs, v Abdur Rahim, Defendant, and United Bank of Kuwait, PLC, Appellant, and Baitul Jannah Zame Masjid and Muslim Community Center, Inc., Respondent. (And a Third-Party Action.) [854 NYS2d 486]—

The infant plaintiff, by his father, commenced this action after he allegedly was injured by the ingestion of lead paint in an apartment located in a building "owned" by the defendant United Bank of Kuwait, PLC (hereinafter the Bank), and leased to the defendant Baitul Jannah Zame Masjid and Muslim Community Center, Inc. (hereinafter the Baitul Center) (*see Roni v Rahim*, 49 AD3d 851 [2008] [decided herewith]). The Bank, inter alia, moved for summary judgment on its cross claim for contractual indemnification against the Baitul Center based upon the contractual indemnification clause of the lease. However, the Bank failed to demonstrate its prima facie entitlement to judgment as a matter of law by establishing that the indemnification provisions shifted all responsibility for third-party claims to the Baitul Center regardless of the Bank's own negligence. In such an instance, the indemnification provision would be unenforceable (*see* General Obligations Law § 5-321; *Wolfe v Long Is. Power Auth.*, 34 AD3d 575 [2006]; *Breakaway Farm, Ltd. v Ward*, 15 AD3d 517 [2005]; *see also* Multiple Dwelling Law § 78).

Accordingly, the Supreme Court properly denied that branch of the Bank's motion which was for summary judgment on its cross claim for contractual indemnification against the Baitul Center (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.