JAHID RONI et al., Respondents-Appellants, v ABDUR RAHIM et al., Defendants, and UNITED BANK OF KUWAIT, PLC, Appellant-Respondent. (And a Third-Party Action.) [854 NYS2d 484]—

The plaintiffs seek to recover damages as a result of injuries allegedly sustained by the infant plaintiff due to lead-paint ingestion which occurred during a period when he resided in an apartment located in a multiple-dwelling property in Brooklyn (hereinafter the building), which was constructed in 1933. At some point prior to the plaintiffs' tenancy, the building allegedly was "purchased" by the defendant Baitul Center; however, the deed to the property was issued in the name of the defendant United Bank of Kuwait, PLC (hereinafter the Bank), which funded the purchase of the building. This arrangement allegedly was made pursuant to an Islamic financing program whereby the Baitul Center borrowed money from the Bank without interest. It is claimed that the deed was intended to operate as security for the loan; the building was then leased by the Bank to the Baitul Center, with the understanding that the latter would acquire the title at the end of the lease term.

Against this background, the Bank, inter alia, moved for summary judgment dismissing the complaint insofar as asserted against it on the basis that it was not the owner of the subject building during the period when the alleged lead-paint injury occurred, but only a mortgagee. The Bank further argued that even if it were deemed to be the owner, it had not been given notice that a child six years of age or younger resided in the plaintiffs' apartment. The Supreme Court denied that branch of the motion. We affirm.

At the time the infant plaintiff's family moved into the apartment in question, a specific statutory provision, Local Law No. 1 (1982) of the City of New York (Administrative Code of City of NY § 27-2013 [h] [1]) stated that an owner of a multiple dwelling built prior to 1960 shall remove or cover any peeling paint in any dwelling unit in which a child or children six years of age or younger resided (*see Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337 [2003]; *O'Neal v New York City Hous. Auth.*, 4 AD3d 348 [2004]). The statute created a rebuttable presumption that paint used in buildings constructed prior to 1960 contained hazardous levels of lead (*see*

Administrative Code of City of NY § 27-2013 [h] [2]). As the Court of Appeals stated in *Juarez v Wavecrest Mgt. Team* (88 NY2d 628, 647 [1996]): "where a landlord has notice that a child under the specified age is residing in an apartment, Local Law 1 provides for constructive notice of the hazardous lead condition . . . [and] gives landlords authority to enter dwelling units occupied by such children for the very purpose of inspecting for and repairing a lead paint defect."

Here, the Bank failed to demonstrate its entitlement to judgment as a matter of law as it failed to establish that it was not the "owner" of the property in question and, if it was, that it did not have notice that the infant plaintiff, a child six years of age or younger, resided therein during that time period. Therefore, the Supreme Court properly denied that branch of the Bank's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628 [1996]; *Jolicoeur v Great Oaks Assoc., Ltd.*, 43 AD3d 872 [2007]; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Bank's remaining contentions are without merit.

In view of the foregoing, we need not reach the plaintiffs' remaining contention. Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.