■ DIOR BYRD et al., Respondents, v 2015 CATON AVE., LLC et al., Appellants. [870 NYS2d 453]—

The infant plaintiff allegedly sustained injuries from exposure to lead paint in an apartment owned by the defendant 2015 Caton Ave., LLC. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint on the ground that triable issues of fact existed as to whether the defendants had actual or constructive notice of a lead-based paint condition in the subject apartment. We reverse.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not

have notice that the infant plaintiff, who was under two years old at the relevant time, resided at the subject apartment before he sustained any injuries (*see Chapman v Silber,* 97 NY2d 9, 15 [2001]; *Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 646 [1996]; *Duarte v Community Realty Corp.,* 42 AD3d 480, 481 [2007]). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether the defendants had such notice (*see Duarte v Community Realty Corp.,* 42 AD3d at 481; *Worthy v New York City Hous. Auth.,* 18 AD3d 352 [2005]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Miller, Carni and Chambers, JJ., concur.