HARPREET KAUR et al., Respondents, v MARIA VELEZ, Appellant. [875 NYS2d 211]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Levine, J.), dated December 14, 2007, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The infant plaintiffs Harpreet Kaur and Hardeep Singh and their parents, the plaintiffs Parmjit Singh and Kulwinder Kaur, commenced this action against the defendant, inter alia, to recover damages for personal injuries that the infant plaintiffs allegedly sustained as a result of their exposure to lead-based paint in an apartment owned by the defendant. The parents moved into the subject apartment building in January 2000. Harpreet Kaur was later that year, and Hardeep Singh was born in 2001. The parents testified at their depositions that they noticed chipping and flaking paint in the apartment in approximately November 2002. In October 2004 the infant plaintiffs were found to have elevated blood-lead levels and the New York City Department of Health subsequently found 50 lead-based paint violations in the subject apartment.

The plaintiffs made a prima facie showing that: (1) the defendant had constructive notice of the hazardous lead condition in the apartment they occupied (see Administrative Code of City of NY § 27-2013 [former (h)], now §§ 27-2056.3, 27-2056.18; Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 642 [1996]; Duarte v Community Realty Corp., 42 AD3d 480 [2007]), (2) the defendant did not take reasonable steps to remedy the hazardous lead condition (see Juarez v Wavecrest Mgt. Team, 88 NY2d at 644-645), and (3) the hazardous lead condition was the proximate cause of the infant plaintiffs' injuries (id. at 648). In opposition, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability. Prudenti, P.J., Ritter, Santucci and Chambers, JJ., concur.