■ Mirkaelle D. Michaud, an Infant, by Her Mother and Natural Guardian, Naomie Michaud, et al., Respondents-Appellants, v Lefferts 750, LLC, Appellant-Respondent, and 91 East 21st Street, LLC, et al., Respondents. [929 NYS2d 612]—

The infant plaintiff, by her mother, as natural guardian of the infant plaintiff, and the mother, individually (hereinafter together the plaintiffs), commenced this action in January 2007 to recover damages allegedly resulting from the infant plaintiff's exposure to a hazardous lead-based paint condition. The action was commenced against the defendant Lefferts 750, LLC (hereinafter Lefferts), the owner of the apartment where the infant plaintiff resided with her parents (hereinafter the Lefferts apartment), and the defendants 91 East 21st Street, LLC, and El Management, LLC (hereinafter together the 91 East defendants), the respective owner and manager of the apartment where the infant plaintiff's maternal grandmother lived. The infant plaintiff stayed at the maternal grandmother's apartment (hereinafter the 91 East apartment) every day after school and would sleep over at least two or three times per week. The infant plaintiff was diagnosed with an elevated blood lead level in April 2004. The plaintiffs alleged that Lefferts and the 91 East defendants violated their statutory and common-law duties to abate and eliminate the hazardous lead-based paint conditions in their respective apartments.

The Supreme Court improperly denied that branch of Lefferts' motion which was for summary judgment dismissing the causes of action, in effect, pursuant to Local Law No. 1 (1982) of City of NY (Administrative Code of City of NY § 27-2013 [for-

mer (h)], now §§ 27-2056, 27-2056.18) and alleging common-law negligence insofar as asserted against it. In support of its motion, Lefferts relied on the affidavit of its expert, who reviewed records of the New York City Department of Health (hereinafter the DOH) revealing that on September 3, 2004, the DOH conducted lead paint testing at the Lefferts apartment and determined that lead-based paint was not present in the apartment. This demonstrated, prima facie, that there was no hazardous lead-based paint condition in the Lefferts apartment. Consequently, this evidence was sufficient to establish Lefferts' prima facie entitlement to judgment as a matter of law (see *Ibert v Tuscan Assoc., Inc.*, 37 AD3d 194, 195 [2007]).

In opposition, the plaintiffs relied on the report of their expert, Environmental Management Solutions of New York, Inc. (hereinafter EMS), which conducted lead-based paint testing of the Lefferts apartment on October 9, 2006. The EMS report concluded that some of the tested surfaces contained lead levels that exceeded regulatory limits. However, this testing occurred more than two years after the infant plaintiff was diagnosed with an elevated blood lead level. Furthermore, at the time of the EMS testing, the infant plaintiff no longer had an elevated blood lead level. Therefore, this evidence was insufficient to raise a triable issue of fact in opposition to Lefferts' prima facie showing. Accordingly, the Supreme Court should have granted that branch of Lefferts' motion which was for summary judgment dismissing the causes of action, in effect, pursuant to Local Law No. 1 (1982) of City of NY (Administrative Code of City of NY § 27-2013 [former (h)], now §§ 27-2056, 27-2056.18) and alleging common-law negligence insofar as asserted against it.

The Supreme Court properly granted the 91 East defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The 91 East defendants established their prima facie entitlement to judgment as a matter of law on the causes of action, in effect, pursuant to Local Law No. 1 (1982) of City of NY (Administrative Code of City of NY § 27-2013 [former (h)], now §§ 27-2056, 27-2056.18) and alleging common-law negligence by demonstrating that the infant plaintiff did not reside in the 91 East apartment. Both the 1982 and 2004 versions of Local Law No. 1 apply to the facts of this case, as the complaint alleges that the infant plaintiff was exposed to a hazardous lead-based paint condition before and after the effective date of the 2004 statute, August 2, 2004 (see Administrative Code of City of NY § 27-2056.1 *et seq.*). Under both versions of the statute, the duty of an owner of a multiple dwelling to remove or cover hazardous lead-based paint is trig-

gered only when a child of applicable age "reside[s]" in a dwelling unit (Administrative Code of City of NY § 27-2013 [former (h) (1)], now § 27-2056.3; *see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 641-642 [1996]; *Shafi v Motta*, 73 AD3d 729 [2010]). Here, the 91 East defendants established that the infant plaintiff did not reside in the 91 East apartment. Thus, they satisfied their prima facie burden of demonstrating their entitlement to judgment as a matter of law on the causes of action, in effect, pursuant to Local Law No. 1 (*see Byrd v 2015 Caton Ave., LLC*, 57 AD3d 933 [2008]). Furthermore, since the 91 East defendants demonstrated that a "young child" did not "live[ ] in the apartment," they established their prima facie entitlement to judgment as a matter of law on the cause of action alleging common-law negligence (*Chapman v Silber*, 97 NY2d 9, 15 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also properly granted those branches of the separate motions of Lefferts and the 91 East defendants which were for summary judgment dismissing the causes of action alleging a violation of the Residential Lead-Based Paint Hazard Reduction Act of 1992 (*see* 42 USC § 4851 *et seq.*). Lefferts and the 91 East defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that neither of the plaintiffs was a purchaser or lessee of the subject apartments and, thus, they had no standing to assert a cause of action under the Residential Lead-Based Paint Hazard Reduction Act of 1992 (*see* 42 USC § 4852d [a] [1] [A]-[C]; *Brown v Maple3, LLC*, 88 AD3d 224 [2d Dept 2011]; *Skerritt v Bach*, 23 AD3d 1080, 1081 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. Rivera, J.P., Skelos, Hall and Austin, JJ., concur.