■ ARELIE FLORES, an Infant, by Her Mother and Natural Guardian, SILVIA HERNANDEZ, et al., Respondents, v CATHEDRAL PROPERTIES LLC et al., Defendants, and 171 EAST 102ND LLC, Appellant. [955 NYS2d 324]—

171 established its entitlement to judgment as a matter of law. 171 submitted evidence showing that it did not own the subject building until May 2009, which was approximately 10 years after the youngest infant plaintiff was allegedly injured and after all of the infant plaintiffs were over the age of seven (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646-647 [1996]; *Duarte v Community Realty Corp.*, 42 AD3d 480 [2d Dept 2007]; *see also Hanlan v Parkchester N. Condominium, Inc.*, 32 AD3d 799 [1st Dept 2006]).

Plaintiffs' opposition failed to raise a triable issue of fact. Plaintiffs submitted the affidavit of the infant plaintiffs' grandmother, who averred that she was the tenant of record and that she told 171's property manager in July or August 2010 that there were other young children (not parties to this action) living in the subject apartment and that the paint in her unit was chipping and peeling. However, the record is devoid of evidence that she notified 171 that children under the age of seven were residing in her apartment prior to the filing of the complaint (*see Andrade v Wong*, 251 AD2d 609, 610 [2d Dept 1998]).

Contrary to plaintiffs' contention, raised for the first time on appeal, Multiple Dwelling Law § 78, which imposes a duty on landlords to keep their premises in a safe condition, does not require a different result. Plaintiffs failed to prove that the as-

serted breach caused infant plaintiffs' injuries by submitting an expert's affidavit or any medical evidence that demonstrated that the infant plaintiffs were exposed to lead by visiting the subject apartment after 171 purchased the building (*see Juarez*, 88 NY2d at 644).

Furthermore, 171's motion for summary judgment should not have been denied in order to complete discovery. Plaintiffs have failed to show that essential facts may emerge upon further discovery; nor have they offered an evidentiary basis to suggest that further discovery may lead to relevant evidence (*see e.g. Auerbach v Bennett*, 47 NY2d 619, 636 [1979]). Concur—Gonzalez, P.J., Sweeny, Richter, Román and Clark, JJ.