■ KEIYERRA TURNER, Appellant, v ALONZO DAVIS, Defendant, and DAISY DAVIS, Respondent. [963 NYS2d 693]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated July 7, 2011, which granted that branch of the motion of the defendant Daisy Davis which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The infant plaintiff, by her mother and natural guardian Keeva Turner, commenced this action to recover damages allegedly resulting from the infant plaintiff's exposure to a hazardous lead-based paint condition in a unit of a multiple dwelling owned by the defendants Alonzo Davis and Daisy Davis (hereinafter Alonzo and Daisy, respectively), located at 350 Macon Street in Brooklyn (hereinafter the rental property). Alonzo and

Daisy were married in 1981 and acquired the rental property in 1983 as an investment, holding title as tenants by the entirety. They lived elsewhere (hereinafter the marital home). In 1996, Alonzo and Daisy separated, and Alonzo began residing in the first floor apartment of the rental property.

In 1999, Keeva Turner moved into the apartment on the second floor of the rental property. The infant plaintiff was born on April 24, 2004.

Alonzo and Daisy were ultimately divorced and entered into a post-divorce property settlement on August 11, 2004, whereby Daisy retained the marital home, Alonzo retained the rental property, and the parties agreed to execute all documents necessary to carry out the settlement. In 2009, Daisy executed a quitclaim deed conveying her interest in the rental property to Alonzo. At their respective depositions in the instant personal injury action, Alonzo and Daisy both testified that Alonzo was solely responsible for the rental property during and after their marriage.

Turner met Daisy for the first time sometime in 2006, when Daisy was visiting the basement apartment of the rental property, which was being renovated for Daisy's son. According to Daisy's testimony at her deposition, Turner mentioned that she had a child, but did not mention the child's age. However, Turner averred that she told Daisy during their 2006 meeting that she had a toddler. It is undisputed that this was the sole encounter between Turner and Daisy.

After discovering that the infant plaintiff had elevated blood lead levels, Turner commenced this action on behalf of the infant plaintiff. Daisy moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her, and the Supreme Court granted that branch of her motion, in effect, on the ground that Daisy had no notice of the infant plaintiff's age.

The City of New York requires that the owner of a multiple dwelling remove or cover paint containing specified hazardous levels of lead in any apartment in which a child of applicable age resides (see Administrative Code of City of NY former § 27-2013 [h] [as added by Local Law No. 1 (1982) of the City of NY], now §§ 27-2056.3, 27-2056.18; *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 641-642 [1996]; *Michaud v Lefferts 750, LLC*, 87 AD3d 990, 992-993 [2011]). Constructive notice of a hazardous lead-paint condition is presumed where the landlord of a multiple dwelling has notice that a child of applicable age resides in the unit (see *Juarez v Wavecrest Mgt. Team*, 88 NY2d at 647; *Shafi v Motta*, 73 AD3d 729, 730 [2010]; *Chadwick v Sabin*, 304 AD2d 603, 603-604 [2003]).

Here, Daisy submitted evidence establishing, prima facie, that she was not on notice that a child of applicable age was living in the subject apartment, but the plaintiff, in opposition, raised a triable issue of fact (cf. *Michaud v Lefferts 750, LLC*, 87 AD3d at 993; *Duarte v Community Realty Corp.*, 42 AD3d 480, 481 [2007]). Accordingly, summary judgment dismissing the complaint insofar as asserted against Daisy was not warranted on this ground.

However, Daisy established her prima facie entitlement to judgment as a matter of law with evidence that she did not owe the infant plaintiff an owner's duty of care. Upon Daisy's divorce from Alonzo in 2004, their ownership of the rental property was converted from a tenancy by the entirety to a tenancy-in-common, and Daisy continued to own the rental property as a tenant-in-common prior to her execution of the quitclaim deed to Alonzo in 2009 (*see Goldman v Goldman*, 95 NY2d 120, 122 [2000]). "Although cotenants generally have the right to use and enjoy the entire property, they may contract otherwise" (*Butler v Rafferty*, 100 NY2d 265, 270 [2003]). "[A] cotenant who enjoys the right to use and possess the entire premises will be jointly and severally liable for any injuries resulting from a defect on the premises, except where the cotenant has surrendered possession and control of the portion of the premises where the injury occurs" (*id.* at 270).

Here, Daisy established, prima facie, that she surrendered possession and control over the rental property with evidence, inter alia, that she never resided at the rental property and neither had any responsibilities nor exercised any rights to possession or control over the rental property (*see id.* at 271). In opposition, the plaintiff failed to raise a triable issue of fact, and the evidence regarding the single meeting between Turner and Daisy in 2006 was insufficient to do so (*see id.* at 270-271; *cf. Rossal-Daub v Walter*, 58 AD3d 992, 993, 995-996 [2009]). Accordingly, the Supreme Court properly granted that branch of Daisy's motion which was for summary judgment dismissing the complaint insofar as asserted against her. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.