■ YESENIA MATUTE, an Infant, by Her Mother and Natural Guardian, JUANA BISON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [60 NYS3d 442]—

Appeal from an order of the Supreme Court, Kings County (Genine Edwards, J.), dated July 1, 2015. The order denied the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In October 2003, the plaintiff, an infant, allegedly sustained injuries from exposure to lead-based paint while residing in an apartment of a multiple dwelling owned by the defendant, New York City Housing Authority. At the time, the defendant was aware that the plaintiff, then two years old, resided in the apartment. Thereafter, the plaintiff, by her mother and natural guardian, commenced this action to recover damages for personal injuries. The defendant subsequently moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. The defendant appeals.

During the period of the plaintiff's alleged injuries, Local Law No. 1 (1982) of City of New York (Administrative Code of City of NY former § 27-2013 [h]) was in effect and required

owners of multiple-dwelling units to remove or cover any lead-based paint in units inhabited by children six years of age or younger (*see Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 343 [2003]; *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642 [1996]). To impose liability on a landlord for a lead-based paint condition, a plaintiff must establish that lead-based paint was present and the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been remedied (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d at 649). "[W]here a landlord has notice that a child under the specified age is residing in an apartment, Local Law 1 provides for constructive notice of the hazardous lead condition" (*id.* at 647).

Here, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. In support of its motion, the defendant submitted evidence establishing that it had actual notice that a child of applicable age was living in the subject apartment (*cf. Turner v Davis*, 105 AD3d 946, 948 [2013]). As such, the defendant failed to establish, prima facie, that it lacked constructive notice of the allegedly hazardous lead-based paint condition in the subject apartment (*see Fritzberg v Albert*, 48 AD3d 414, 415 [2008]). Inasmuch as the defendant failed to carry its burden, denial of the motion was required without regard to the sufficiency of the papers submitted in opposition (*see Shafi v Motta*, 73 AD3d 729, 730 [2010]). Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.