S.H. v Neighborhood Partnership Hous. Dev. Fund Co., Inc. (2018 NY Slip Op 01641)





S.H. v Neighborhood Partnership Hous. Dev. Fund Co., Inc.


2018 NY Slip Op 01641


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Acosta, P.J., Richter, Kapnick, Kahn, Gesmer, JJ.


350177/09 5989 5988

[*1]S. H., an Infant Under the Age of Fourteen Years, etc., Plaintiff-Appellant,
v
Neighborhood Partnership Housing Development Fund Company, Inc., et al., Defendants-Respondents, Joseph Rodney, Defendant. 
[And a Third-Party Action]


The Fitzgerald Law Firm, P.C., Yonkers (Mitchell Gittin of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Julie Steiner of counsel), for Neighborhood Partnership Housing
Development Fund Company, Inc., respondent.
Cozen O'Connor, New York (Amanda L. Nelson of counsel), for the Odessa Apartments LLC, respondent.



Judgments, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered May 26, 2015 and on or about June 14, 2016, dismissing the complaint as against defendant Neighborhood Partnership Housing Development Fund Company, Inc. (NPH) and defendant the Odessa Apartments, LLC (Odessa), pursuant to an order, same court and Justice, entered April 7, 2015, which, inter alia, granted the motions of NPH and Odessa for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Dismissal of the complaint as against NPH and Odessa was proper because there is a lack of evidence to support an inference that they had notice that a child under seven resided in the apartment (see generally Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 646-647 [1996]). The fact that the building superintendent may have observed infant plaintiff present on a single occasion, or even occasionally, without more, is insufficient to confer knowledge that infant [*2]plaintiff resided there (see Worthy v New York City Hous. Auth., 18 AD3d 352 [1st Dept 2005]; Duarte v Community Realty Corp., 42 AD3d 480 [2d Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK