LM v New York City Hous. Auth. (2019 NY Slip Op 03037)





LM v New York City Hous. Auth.


2019 NY Slip Op 03037


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-00060
 (Index No. 709806/14)

[*1]LM, etc., et al., respondents, 
v
New York City Housing Authority, appellant.


Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless of counsel), for appellant.
The Law Offices of Michael S. Lamonsoff, PLLC, New York, NY (Stacey Haskel and Jonathan Wachlarz of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered August 25, 2017. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The infant plaintiff, who was born in 2012, allegedly sustained injuries from exposure to lead-based paint while residing in an apartment of a multiple dwelling owned by the defendant, New York City Housing Authority. In August 2014, the New York City Department of Health and Mental Hygiene (hereinafter the DOH) conducted an inspection of the subject apartment and determined that there were unsafe levels of lead in the apartment. The Commissioner of the DOH issued an order directing the defendant to abate the violations. The defendant contested the DOH's findings of lead violations, and retained an independent consultant who determined from an inspection conducted in September 2014 that the samples "achieved the federal guidelines for lead paint." On September 5, 2014, the DOH accepted the defendant's contestation and rescinded the violations.
In December 2014, the infant plaintiff, by her mother and natural guardian, and her mother suing individually (hereinafter together the plaintiffs), commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint on the ground that there was no hazardous lead paint condition in the subject apartment. In the order appealed from, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.
"The City of New York requires that the owner of a multiple dwelling remove or cover paint containing specified hazardous levels of lead in any apartment in which a child of applicable age resides" (Turner v Davis, 105 AD3d 946, 947, citing Administrative Code of City of [*2]NY former § 27-2013[h], now §§ 27-2056.3, 27-2056.18; see Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 641-642; Matute v New York City Hous. Auth., 153 AD3d 916, 917). "To impose liability on a landlord for a lead-based paint condition, a plaintiff must establish that lead-based paint was present and the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been remedied" (Matute v New York City Hous. Auth., 153 AD3d at 917; see Juarez v Wavecrest Mgt. Team, 88 NY2d at 646, 649; see also Greene v Mullen, 127 AD3d 696, 697).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law. The evidence submitted by the defendant in support of its motion, which included the conflicting inspection reports prepared by the DOH and the independent consultant, failed to eliminate all triable issues of fact as to whether the lead in the subject apartment exceeded the statutory threshold (see Ibert v Tuscan Assoc., Inc., 37 AD3d 194, 196; Brito v Schechter, 269 AD2d 345, 364). Moreover, the defendant failed to eliminate triable issues of fact as to whether it took reasonable efforts to prevent a dangerous lead-paint condition (see Ibert v Tuscan Assoc., Inc., 37 AD3d at 196; O'Neal v New York City Hous. Auth., 4 AD3d 348, 349). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's denial of the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court