■ ROBERT TUNISON et al., Respondents, v D.J. STAPLETON, INC., Doing Business as NAPPER TANDYS, Appellant. [841 NYS2d 615]—

In an action to recover damages for personal injuries pursuant to General Obligations Law § 11-101, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 17, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On a motion for summary judgment, the court's function is to determine whether material factual issues exist, not to resolve such issues (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]; French v Cliff's Place, 125 AD2d 292 [1986]). A motion for summary judgment "should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Scott v Long Is. Power Auth., 294 AD2d 348 [2002]).

In this case, the defendant asserted that the plaintiffs were precluded from recovering damages under the Dram Shop Act (see General Obligations Law § 11-101) because they caused or procured the intoxication of the driver of the vehicle involved in the accident which resulted in their alleged injuries (see Mitchell v The Shoals, Inc., 19 NY2d 338, 341 [1967]). To make a prima facie showing of its entitlement to judgment as a matter of law, the defendant was required to demonstrate, with respect to each plaintiff, that he or she "play[ed] a much more affirmative role than that of drinking companion" to the driver of the vehicle (id.). In support of its motion for summary judgment, the defendant submitted deposition testimony which presented issues of credibility, and from which conflicting inferences could be drawn with respect to each plaintiff's involvement in the driver's intoxication. Accordingly, the Supreme Court properly determined that triable issues of fact exist, requiring denial of the defendant's motion (see Jewell v Cumberland Farms, 235 AD2d 397 [1997]; French v Cliff's Place, supra). Prudenti, P.J., Mastro, Angiolillo and Dickerson, JJ., concur.