■ Oscar Lopez et al., Appellants, v Ramon C. Beltre, Defendant, and Village of Port Chester, Respondent. [873 NYS2d 726]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered June 3, 2008, as granted the motion of the defendant Village of Port Chester for summary judgment dismissing the complaint insofar as asserted against it and, in effect, denied, as academic, those branches of their cross motion which were to dismiss the affirmative defenses in the answer of the defendant Village of Port Chester that the infant plaintiff was comparatively negligent and that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the motion of the defendant Village of Port Chester for summary judgment dismissing the complaint insofar as asserted against it and, in effect, denying, as academic, that branch of the plaintiffs' cross motion which was for summary judgment dismissing the affirmative defense in the answer of the defendant Village of Port Chester that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and substituting therefor provisions denying the motion of the defendant Village of Port Chester for summary judgment and granting that branch of the plaintiffs' cross motion which was to dismiss the affirmative defense of the defendant Village of Port Chester that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d); as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The infant plaintiff was crossing the street after school when he was struck by a vehicle owned and operated by the defendant Ramon Beltre. Beltre was attempting to make a left turn onto the southbound lane of Don Bosco Place from the westbound lane of Purdy Avenue and the plaintiff was attempting to cross Don Bosco Place when the collision occurred. The intersection was governed by traffic light signals, and the defendant Village of Port Chester (hereinafter the Village) stationed a crossing guard on Don Bosco Place at its intersection with Purdy

Avenue. As a result of the accident, the infant plaintiff and his mother, suing derivatively, commenced this action. The Village moved for summary judgment dismissing the complaint insofar as asserted against it, contending that its crossing guard was not negligent and that Beltre's negligence was the sole proximate cause of the accident. The plaintiffs cross-moved, inter alia, to dismiss the affirmative defenses that the infant plaintiff was comparatively negligent and that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court granted the Village's motion and, in effect, denied the plaintiffs' cross motion as academic. We modify.

On a motion for summary judgment, the court's function is to determine whether material factual issues exist, not to resolve such issues (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]; *Baker v D.J. Stapleton, Inc.*, 43 AD3d 839 [2007]). A motion for summary judgment "should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Scott v Long Is. Power Auth.*, 294 AD2d 348 [2002]; *see Dolitsky v Bay Isle Oil Co.*, 111 AD2d 366 [1985]).

The Supreme Court erred in granting the motion of the Village for summary judgment dismissing the complaint insofar as asserted against it. Under the circumstances of this case, the Village assumed a special relationship with the infant plaintiff (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Vandewinckel v Northport/East Northport Union Free School Dist.*, 24 AD3d 432, 433 [2005]). While the Village established its prima facie entitlement to summary judgment on the ground that any duty owed to the infant plaintiff was not breached (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), the plaintiffs, in opposition, raised triable issues of fact regarding the respective locations at the time of the accident of the infant plaintiff, the approaching car, and the Village's crossing guard, in addition to what the crossing guard did or did not see and do (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]; *Branch v Stehr*, 93 AD3d 849, 850 [1983]).

The Supreme Court, in effect, denied, as academic, that branch of the plaintiffs' cross motion which was to dismiss the Village's affirmative defense of comparative negligence. On the merits, the denial was proper, as the record discloses conflicting evidence as to whether, at the time of the collision, the infant plaintiff was within the crosswalk, with the right-of-way, or 20 feet south of it (*see* Vehicle and Traffic Law § 1152 [a]; *Hopkins v Haber*, 39 AD3d 471 [2007]).

The Supreme Court should have granted that branch of the

plaintiffs' cross motion which was to dismiss the Village's affirmative defense that the infant plaintiff did not sustain a serious injury. The plaintiffs established prima facie that the infant sustained, inter alia, a fracture, and in opposition, the Village failed to raise a triable issue of fact (see *Tagger v Olympic Van Line, Inc.*, 38 AD3d 646 [2007]).

The parties' remaining contentions have been rendered academic in light of our determination. Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.