NOMAAN SHAFI and Another, Infants, by Their Parents and Natural Guardians, NASIRA NAHEED et al., Respondents, v JOSEPH MOTTA, Administrator C.T.A. of the Estate of FRANCES VENTURA, Deceased, et al., Appellants. [900 NYS2d 410]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated March 24, 2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted on behalf of the infant plaintiff Nomaan Shafi and as asserts derivative claims arising from injuries to the infant plaintiff Nomaan Shafi.

Ordered that the order is affirmed insofar as appealed from, with costs.

The City of New York requires that the owner of a multiple dwelling remove or cover paint containing specified hazardous levels of lead in any apartment in which a child six years of age or younger resides (*see* Administrative Code of City of NY former § 27-2013 [h] [as added by Local Law No. 1 (1982) of the City of New York], now §§ 27-2056.3, 27-2056.18 [hereinafter Local Law 1]; *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 641-642 [1996]; *O'Neal v New York City Hous. Auth.*, 4 AD3d 348 [2004]). Violation of Local Law 1, however, does not result in absolute liability for injuries caused by exposure to lead (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d at 643). Rather, a plaintiff must establish that the landlord had actual or constructive notice of the condition for a period of time such that, in the

exercise of reasonable care, the condition should have been remedied (*see Juarez v Wavecrest Mgt. Team,* 88 NY2d at 646). Nevertheless, Local Law 1 imputes to a landlord constructive notice of a hazardous condition in certain circumstances where the landlord has actual notice that a child under the age of six resides in the unit (*see Juarez v Wavecrest Mgt. Team,* 88 NY2d at 647; *Chadwick v Sabin,* 304 AD2d 603, 603-604 [2003]).

On their motion for summary judgment, the defendants had the burden of establishing, by proof in admissible form, their prima facie entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 561 [1980]; *Myers v Ferrara,* 56 AD3d 78, 83 [2008]). This burden may be satisfied only by the defendant's affirmative demonstration of the merit of the defense, rather than merely by reliance on gaps in the plaintiffs' case (*see DeFalco v BJ's Wholesale Club, Inc.,* 38 AD3d 824, 825 [2007]; *Cox v Huntington Quadrangle No. 1 Co.,* 35 AD3d 523, 524 [2006]; *Pearson v Parkside Ltd. Liab. Co.,* 27 AD3d 539 [2006]; *Mondello v DiStefano,* 16 AD3d 637, 638 [2005]). Here, the defendants submitted hospital laboratory reports and records of the New York City Department of Health and Mental Hygiene. As the Supreme Court concluded, however, because these documents were neither certified nor authenticated, and thus were not in admissible form, they could not be considered on the motion (*see* CPLR 4518 [c]; *Banfield v New York City Tr. Auth.,* 36 AD3d 732 [2007]; *Baez v Sugrue,* 300 AD2d 519, 520 [2002]; *cf. Whitfield v City of New York,* 48 AD3d 798, 799 [2008]). Moreover, the affirmation of the defendants' attorney submitted with very brief excerpts of deposition testimony was insufficient to establish the defendants' entitlement to judgment as a matter of law (*see Irving v Great Atl. & Pac. Tea Co.,* 269 AD2d 358, 359 [2000]; *Cicolello v Limb,* 216 AD2d 434 [1995]). Inasmuch as the defendants failed to carry their burden, denial of the motion was required without regard to the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Molina v Belasquez,* 1 AD3d 489 [2003]).

The defendants' remaining contention is not properly before this Court, as it was raised for the first time on appeal. Prudenti, P.J.; Fisher, Roman and Sgroi, JJ., concur.