■ JOHN JOSEPH BENETATOS, an Incapacitated Person, by His Guardian ad Litem, KAREN WALSH, Appellant, v ALFRED COMERFORD, Respondent. [911 NYS2d 155]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated November 30, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On February 18, 2007, at approximately 6:00 P.M., the defendant, while driving his own vehicle southbound on County Road 21, an unlit road in the Town of Brookhaven, traversing a wooded area, struck the plaintiff. The defendant testified at his deposition that, at the time of the impact and immediately thereafter, he did not know with whom or what his vehicle had come into contact. He stated that, although he exited his vehicle to search the area, he could not find anything or anyone, so he drove his severely damaged vehicle home before calling the emergency telephone number 911 about the accident. During his first conversation with the Suffolk County Police Department, he told the 911 operator that although he thought that he had hit a deer, he wanted "to make sure that it wasn't a person that was walking in the middle of the road." Afterwards, he returned to the scene of the accident where he was met by a police officer. At that time, a sneaker was observed on the roadway, causing the police officer to check the nearby wooded area to the west of County Road 21, where the plaintiff was found unconscious.

It is uncontroverted that it was dark at the time of the accident, the weather was clear, and the road was dry. The road was straight and level at the point where the accident occurred. When deposed, the defendant testified that, less than a second before the impact occurred and his windshield smashed on the passenger side of his vehicle, he saw a shadow.

As a result of the accident, the plaintiff suffered, inter alia, a severe traumatic brain stem injury resulting in brain damage and amnesia. Therefore, the plaintiff was unable to communicate or remember what had occurred on the date of the accident.

The defendant moved for summary judgment and the Supreme Court granted the motion. We reverse.

"A motion for summary judgment 'should not be granted

where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility' " (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2010], quoting *Scott v Long Is. Power Auth.*, 294 AD2d 348 [2002]; *see Baker v D.J. Stapleton, Inc.*, 43 AD3d 839 [2007]). The defendant failed to make a prima facie showing of entitlement to judgment as a matter of law. Triable issues of fact exist, inter alia, as to whether the defendant contributed to the accident by failing to exercise due care in operating his vehicle and in failing to observe the plaintiff on the road when there was nothing obstructing his vision (*see* Vehicle and Traffic Law § 1146; *Ryan v Budget Rent a Car*, 37 AD3d 698, 699 [2007]; *Dragunova v Dondero*, 305 AD2d 449 [2003]; *Ruocco v Mulhall*, 281 AD2d 406 [2001]). Since the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law, the Supreme Court should have denied his motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Seidman v Industrial Recycling Props., Inc.*, 52 AD3d 678, 680 [2008]; *Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901, 902 [2008]).

The defendant's failure to make a prima facie showing of entitlement to judgment as a matter of law requires denial of the motion regardless of the sufficiency of the opposing papers (*see Seidman v Industrial Recycling Props., Inc.*, 52 AD3d at 680; *Cendant Car Rental Group v Liberty Mut. Ins. Co.*, 48 AD3d 397, 398 [2008]). Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur.