■ KAREN RUBISTELLO, Respondent, v BARTOLINI LANDSCAPING, INC., Appellant. [929 NYS2d 298]—

On the morning of April 8, 2003, the plaintiff arrived at Philips Research North America (hereinafter Philips), located on Scarborough Road in Briarcliff Manor, where she worked. The plaintiff parked her car and observed that the parking lot was covered in ice. She exited her car, took approximately four steps, and allegedly slipped and fell, sustaining injuries. The plaintiff commenced this action against the defendant, the landscaping company which had agreed to perform snow removal services at the subject location. Pursuant to its agreement with Philips, the defendant would come to the subject location to perform snow removal services only when notified by a Philips security guard that such services were requested. The defendant moved for summary judgment dismissing the complaint, asserting that its agreement with Philips was not

comprehensive and exclusive, but rather, Philips retained the duty to maintain the property in reasonably safe condition, as demonstrated by its obligation to request snow removal services from the defendant when desired. The defendant further asserted that it did not launch a force or instrument of harm as a result of a failure to exercise reasonable care in the performance of its duties. In this regard, the defendant asserted that it did not, in fact, perform snow removal services on the date in question. Moreover, the defendant asserted that, even if it did, there was no evidence to support the conclusion that it failed to exercise reasonable care in doing so, so that it could not have launched a force or instrument of harm. The Supreme Court denied the defendant's motion. We affirm.

"In *Espinal v Melville Snow Contrs.* (98 NY2d 136, 138 [2002]), the Court of Appeals held that 'a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party' " (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 213 [2010], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d at 138). "However, the Court identified three exceptions to the general rule, pursuant to which 'a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely' " (*Foster v Herbert Slepoy Corp.*, 76 AD3d at 213, quoting *Espinal v Melville Snow Contrs.*, 98 NY2d at 140; *see Church v Callanan Indus.*, 99 NY2d 104, 111-112 [2002]; *Folkl v McCarey Landscaping, Inc.*, 66 AD3d 825, 825 [2009]; *Crosthwaite v Acadia Realty Trust*, 62 AD3d 823, 824 [2009]).

Here, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Viewed in the light most favorable to the plaintiff (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), the pleadings asserted, among other things, that the defendant failed to exercise reasonable care in the performance of its duties, thereby launching a force or instrument of harm, and that the defendant entirely displaced Philips' duty to maintain the parking lot in reasonably safe condition. Because the pleadings contained allegations which would establish that these *Espinal* exceptions applied, to establish its prima facie entitlement to summary judgment, the defendant was required to eliminate all triable issues of fact

with regard thereto (*see generally Foster v Herbert Slepoy Corp.*, 76 AD3d at 214).

The defendant succeeded in eliminating all triable issues of fact as to whether, by operation of its agreement with Philips, it entirely displaced Philips' duty to maintain the parking lot in reasonably safe condition. In opposition, the plaintiff failed to raise a triable issue of fact with regard to this issue.

The defendant failed to satisfy its initial burden of demonstrating that it did not launch a force or instrument of harm as a result of a failure to exercise reasonable care in the performance of snow removal duties. Again, the defendant's position is that it did not perform snow removal services on the date in question. However, a triable issue of fact remains as to whether the defendant performed snow removal at Philips' parking lot on the dates in question. The defendant further argues that, even assuming it did perform snow removal services, there is no evidence that it failed to exercise reasonable care in doing so or that it launched a force or instrument of harm. The defendant, however, came forward with no evidence whatsoever concerning the performance of snow removal services. On its motion for summary judgment, the defendant bore the burden of " 'affirmatively demonstrat[ing] the merit of its claim or defense' " (*Doe v Orange-Ulster Bd. of Coop. Educ. Servs.*, 4 AD3d 387, 389 [2004], quoting *George Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d 614, 615 [1992]) that it did not launch a force or instrument of harm as a result of a failure to exercise reasonable care in the performance of snow removal services. The defendant could not satisfy its burden by pointing to gaps in the plaintiff's proof (*see Doe v Orange-Ulster Bd. of Coop. Educ. Servs.*, 4 AD3d at 388-389; *George Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d at 615). Having failed to come forward with evidence to negate this *Espinal* exception, the defendant failed to establish its prima facie entitlement to judgment as a matter of law on this issue, and the Supreme Court properly denied its motion.

The defendant's remaining contention is improperly raised for the first time on appeal and, accordingly, is not properly before this Court. Angiolillo, J.P., Dickerson, Hall and Roman, JJ., concur.