■ MARIELISA R., Respondent, v WOLMAN RINK OPERATIONS, LLC, Appellant. [942 NYS2d 215]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Battaglia, J.), dated August 17, 2011, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that she sustained personal injuries when she was pushed and caused to fall while she waited at the main entrance to the ice rink at Wollman Rink in Central Park. She alleged that the incident was caused by the failure of the defendant, Wollman Rink Operations, LLC, incorrectly sued herein

as Wolman Rink Operations, LLC, to control a large number of people, who were amassed at the instruction and direction of the defendant's employees, and who were permitted to rush forward and push her towards the ice. The plaintiff commenced this action to recover damages for personal injuries against the defendant. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint. In support of the motion, the defendant submitted, inter alia, the deposition testimony of its general manager, including his testimony regarding the defendant's general practices and procedures with respect to crowd control.

The Supreme Court denied the defendant's motion, determining that the defendant failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law. In particular, the Supreme Court noted that while the defendant's general manager testified to the defendant's general practices and procedures, the defendant offered no affidavit or testimony with regard to the crowd conditions and the defendant's crowd control at the time of the accident. The defendant appeals. We affirm.

The defendant failed to provide evidence in admissible form to demonstrate its prima facie entitlement to judgment as a matter of law. The defendant did not establish that it took adequate crowd control measures on the date of the accident (see *Liptrot v Theater at Madison Sq. Garden*, 281 AD2d 398, 399 [2001]). Indeed, the only admissible evidence submitted by the defendant established no more than the general safety procedures of the defendant, which the evidence also revealed may have been violated by the defendant's skate guards at the time of the accident. Furthermore, the defendant's attempt to meet its prima facie burden by pointing to gaps in the plaintiff's proof was properly rejected by the Supreme Court (see *Rubistello v Bartolini Landscaping, Inc.*, 87 AD3d 1003, 1005 [2011]; *Shafi v Motta*, 73 AD3d 729, 730 [2010]; *Doe v Orange-Ulster Bd. of Coop. Educ. Servs.*, 4 AD3d 387, 388-389 [2004]). Since the defendant failed to satisfy its prima facie burden, the denial of its motion was required without regard to the sufficiency of the plaintiff's opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Florio, Chambers and Cohen, JJ., concur.