■ JUAN COLLADO, Appellant, v JOHN JIACONO et al., Respondents. [6 NYS3d 116]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), entered April 16, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On June 7, 2008, the plaintiff was one of five passengers in a vehicle owned and operated by his brother, as it was traveling on the Southern State Parkway, when that vehicle was allegedly struck in the rear by a vehicle displaying dealership license plates owned by the defendant Bayridge Automotive Management Group, also known as Bay Ridge Lexus (hereinafter Bayridge). The plaintiff commenced this action against Bayridge and the driver of the Bayridge vehicle. After issue was joined and discovery completed, the defendants moved for summary judgment, alleging that they had no record of their vehicle being involved in any such accident and that the plaintiff would be unable to prove that the subject accident occurred or that the defendants were involved in it. The Supreme

Court granted the motion. The plaintiff appeals, and we reverse.

While the ultimate burden of proof at trial will fall upon the plaintiff, a defendant seeking summary judgment bears the initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The ultimate burden of proof after trial plays no part in the assessment of whether there are relevant factual issues presented on a motion for summary judgment (*see generally Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824 [2014]). On a summary judgment motion, a moving defendant does not meet its burden of affirmatively establishing its entitlement to judgment as a matter of law by merely pointing to gaps in the plaintiff's case. It must affirmatively demonstrate the merit of its claim or defense (*see Marielisa R. v Wolman Rink Operations, LLC*, 94 AD3d 963 [2012]; *Rubistello v Bartolini Landscaping, Inc.*, 87 AD3d 1003, 1005 [2011]; *Shafi v Motta*, 73 AD3d 729, 730 [2010]; *Pace v International Bus. Mach. Corp.*, 248 AD2d 690 [1998]). A motion for summary judgment " 'should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility' " (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2010], quoting *Scott v Long Is. Power Auth.*, 294 AD2d 348, 348 [2002]; *see Pavane v Marte*, 109 AD3d 970 [2013]; *Benetatos v Comerford*, 78 AD3d 750 [2010]; *Baker v D.J. Stapleton, Inc.*, 43 AD3d 839 [2007]).

Here, the affirmation of the defendants' attorney that was submitted in support of the motion, along with brief excerpts from the transcripts of the deposition testimony of parties and witnesses, was insufficient to establish the defendants' entitlement to judgment as a matter of law (*see Shafi v Motta*, 73 AD3d 729 [2010]). The plaintiff, along with his brother, testified at their depositions that they were involved in an accident on the Southern State Parkway when a vehicle bearing dealership license plates struck the vehicle in which the plaintiff was a passenger. The plaintiff's brother asserted at his deposition that, upon the request of the driver of the vehicle bearing the dealership license plates, the police were not called to the scene of the accident. Instead, the driver of that vehicle allegedly gave the plaintiff's brother the telephone number of the dealership, and told the brother that his vehicle would be repaired there. The defendants' witnesses testified that the subject license plate did indeed belong to a vehicle owned by Bayridge, but that they had no record of the occurrence of such an ac-

cident. With this evidence, the defendants failed to eliminate triable issues as to their claim that a Bayridge vehicle was not involved in the subject accident.

In light of the defendants' failure to meet their prima facie burden, their motion for summary judgment should have been denied, without regard to the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Dickerson, J.P., Cohen, Duffy and LaSalle, JJ., concur.