■ MERCEDES CHIMBO, Appellant, v GERMAN E. BOLIVAR et al., Respondents. [37 NYS3d 339]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated November 23, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On June 19, 2010, a vehicle operated by the plaintiff, which

was heading westbound, and a garbage truck owned by the defendant Mickeys Carting Corp. and operated by the defendant German E. Bolivar, which was heading eastbound, collided on Abrahams Path in East Hampton. The plaintiff subsequently brought this action against the defendants, alleging negligence and seeking to recover damages for her personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.

It is not the court's function on a motion for summary judgment to assess credibility (see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]; Garcia v Stewart, 120 AD3d 1298, 1299 [2014]; A Dan Jiang v Jin-Liang Liu, 97 AD3d 707 [2012]), or to engage in the weighing of evidence (see Scott v Long Is. Power Auth., 294 AD2d 348 [2002]). Issue finding, rather than issue determination, is the court's proper function on such a motion (see Nocella v Fort Dearborn Life Ins. Co. of N.Y., 99 AD3d 877, 879 [2012]). Thus, a motion for summary judgment "should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Ruiz v Griffin, 71 AD3d 1112, 1115 [2010] [internal quotation marks omitted]; see Benetatos v Comerford, 78 AD3d 750 [2010]; Baker v D.J. Stapleton, Inc., 43 AD3d 839 [2007]; Scott v Long Is. Power Auth., 294 AD2d at 348).

Here, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. In support of their motion, the defendants submitted evidence including transcripts of the deposition testimony of both the plaintiff and the defendant driver. In those transcripts, the parties gave differing accounts of the manner in which the accident occurred, and issues of fact and credibility were presented which could not be resolved on a motion for summary judgment. Given these issues, the defendants failed to establish their prima facie entitlement to judgment as a matter of law (see Cabrera v Shivecharan, 136 AD3d 960, 962 [2016]; Cabrera v Magussen, 130 AD3d 664 [2015]; Boulos v Lerner-Harrington, 124 AD3d 709, 709-710 [2015]). Under these circumstances, the conclusions of the defendants' expert were insufficient to demonstrate, prima facie, that the plaintiff's allegedly negligent operation of her vehicle was the sole proximate cause of the collision and that the defendants were entirely free from fault (see Clark v Blacktop Maintenance Corp., 58 AD3d 663 [2009]).

Since the defendants failed to demonstrate their prima facie

entitlement to judgment as a matter of law, the Supreme Court should have denied their motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Mastro, J.P., Hall, Sgroi and Barros, JJ., concur.