■ Marc J. Vumbico, Appellant, v Estate of Rose H. Wiltse, Deceased, et al., Respondents. [68 NYS3d 140]—

In an action, inter alia, for a judgment declaring that the conveyance of certain real property was fraudulent, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Hubert, J.), dated August 31, 2016, as granted that branch of the defendants' motion which was for summary judgment, in effect, declaring that the conveyance of the property was not fraudulent.

Ordered that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was for summary judgment, in effect, declaring that the conveyance of the property was not fraudulent is denied.

The plaintiff and the defendant Celeste Wiltse (hereinafter Celeste) were husband and wife. On August 10, 2011, Rose H. Wiltse (hereinafter the decedent) died leaving a last will and testament directing that, after the payment of her debts and funeral expenses, the remainder of her property be given, devised, and bequeathed to her four daughters, Celeste and the defendants Marcia J. Avezzano (hereinafter Marcia), Ronda A. Wiltse (hereinafter Ronda), and Beth Ellen Cassidy (hereinafter Beth), per stirpes. The will was admitted to probate on October 17, 2011, and Marcia, Ronda, and Beth were appointed co-executors of the estate. In November 2013, Celeste commenced an action for divorce against the plaintiff.

By deed dated August 27, 2014, the co-executors conveyed certain real property (hereinafter the property), which had been owned by the decedent, to Celeste and her daughter. In June 2015, the plaintiff commenced this action seeking, inter alia, a judgment declaring that the conveyance was fraudulent. The plaintiff alleged that he and Celeste had, in effect, previously purchased the property from the decedent pursuant to a 2005 agreement under which the sum of $175,000 was paid to the decedent (hereinafter the 2005 agreement). Following the completion of some discovery, but prior to any depositions, the defendants moved, among other things, for summary judgment, in effect, declaring that the conveyance of the property from the co-executors to Celeste and her daughter was not fraudulent. The Supreme Court granted that branch of the motion, and the plaintiff appeals.

It is the movant's burden on a motion for summary judgment to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Winegrad v New York Univ.*

*Med. Ctr.*, 64 NY2d 851, 853 [1985]). Only if the movant succeeds in meeting its burden will the burden shift to the opponent to demonstrate through evidence in admissible form that there exists a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). While the ultimate burden of proof at trial will be borne by the plaintiff, a defendant seeking summary judgment bears the initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form (*see Zuckerman v City of New York*, 49 NY2d at 562). On a summary judgment motion by a defendant, the defendant does not meet its initial burden by merely pointing to gaps in the plaintiff's case; rather, it must affirmatively demonstrate the merit of its claim or defense (*see Marielisa R. v Wolman Rink Operations, LLC*, 94 AD3d 963, 964 [2012]; *Rubistello v Bartolini Landscaping, Inc.*, 87 AD3d 1003, 1005 [2011]; *Shafi v Motta*, 73 AD3d 729, 730 [2010]; *Pace v International Bus. Mach. Corp.*, 248 AD2d 690 [1998]). Issue finding, rather than issue determination, is the court's function on a motion for summary judgment (*see Chimbo v Bolivar*, 142 AD3d 944, 945 [2016]; *Gitlin v Chirinkin*, 98 AD3d 561, 561 [2012]).

The defendants failed to meet their prima facie burden for summary judgment, in effect, making a declaration in their favor. The defendants did not deny that the 2005 agreement existed, and their answer, which was verified by counsel and made "upon information and belief," was insufficient to eliminate triable issues of fact as to whether the 2005 agreement existed (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *March Assoc. Constr., Inc. v CMC Masonry Constr.*, 151 AD3d 1050, 1053 [2017]; *Cristescu v Gasparis*, 148 AD3d 669, 669 [2017]; *Gershman v Ahmad*, 131 AD3d 1104, 1106 [2015]; *Riverhead Bldg. Supply Corp. v Regine Starr, Inc.*, 249 AD2d 532, 532-533 [1998]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The defendants' remaining contentions were either waived or are not properly before this Court.

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment, in effect, declaring that the conveyance of the property from the co-executors to Celeste and her daughter was not fraudulent. Dillon, J.P., Cohen, Connolly and Christopher, JJ., concur.