Shepherd v Barry (2024 NY Slip Op 50685(U))

[*1]

Shepherd v Barry

2024 NY Slip Op 50685(U)

Decided on June 6, 2024

Supreme Court, Queens County

Maldonado-Cruz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 6, 2024
Supreme Court, Queens County

Sandra Shepherd, Plaintiff,

against
Alpha Ousmane Barry and MOMO LIMO INC., Defendants.

Index No. 710000/2021

Kayla E. Bargeron, Esq., for Plaintiff 
Carol S. DiBari, Esq., for the Defendants

Lumarie Maldonado-Cruz, J.

This matter was reassigned to the undersigned on or about October 17, 2023.
The following papers numbered E27-E40 read on this motion by Plaintiff for an order permitting the Plaintiff to file a supplemental summons and amended complaint and amending the caption to reflect the addition of UBER TECHNOLOGIES, INC. and UBER USA LLC (hereinafter, "Uber") (Seq. 1). The following papers numbered E42-E75 read on this motion by Plaintiff for an order (1) granting summary judgment to the Plaintiff against the Defendants as to the issue of liability, (2) finding the Plaintiff free from comparative fault, (3) granting summary judgment to the Plaintiff against Defendants as to "serious injuries", and (4) dismissing Defendants' First, Second, Third, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses; and the cross-motion by Defendants Alpha Ousmane Barry (hereinafter, "Barry") and Momo Limo Inc. (hereinafter, "Momo Limo") (hereinafter together, "Defendants") for an order granting summary judgment and dismissing the Complaint of the Plaintiff, in as much as Plaintiff fails to meet the serious injury threshold requirement mandated by Insurance Law Section 5102(d) (Seq. 2).
PAPERS NUMBERED
MOTION SEQUENCE No.1
Plaintiff's Notice of Motion-Affirmation -Exhibits E27-40
MOTION SEQUENCE #2
Plaintiff's Notice of Motion-Statement of Material
Facts-Memorandum of Law-Affirmation-Exhibits E42-E56
Defendants' Cross-Motion-Affirmation-Statement
of Material Facts-Exhibits E57-E66
Defendants' Opposition-Response to Statement of
Material Facts-Exhibits E67-E70
Plaintiff's Opposition to Cross-Motion Statement
of Material Facts-Exhibit E72-E74
Defendants' Reply E75
Upon the foregoing papers, the motions are determined in a single decision and order for the following reasons:
This action arises from personal injuries allegedly sustained by the Plaintiff as a result of a two-vehicle collision on August 17, 2019. The vehicle operated by the Plaintiff, was struck in the rear by the vehicle operated by Defendant Barry and owned by the Defendant Momo Limo. Plaintiff alleges that as a result of the accident, she suffered inter alia, the following injuries: decreased range of motion to her left shoulder, right shoulder, thoracic spine, cervical spine, and lumbar spine.
MOTION TO AMEND
Plaintiff moves under CPLR 3025(b) for an order permitting the Plaintiff to file a supplemental summons and amended complaint and amending the caption to reflect the addition of Uber. The motion is unopposed.
In support of the motion, Plaintiff contends that investigation recently available through NYC OpenData has revealed that the motor vehicle driven by Defendant Barry is registered to Uber's database. Furthermore, Plaintiff argues that Defendants not only failed to disclose the relationship with Uber but asserted that they were not operating on behalf of any ride-share applications on the date of the accident. Moreover, Plaintiff asserts Defendant Barry has failed to show up to depositions on multiple occasions and is now precluded from testifying at trial [FN1]
. As such, the Plaintiff has been unable to inquire on this issue. Lastly, Defendants contend that Uber had reasonable notice of this action and should have known that they were proper parties through the service of this action on Defendants.
CPLR 3025(b) states, in pertinent part: "A party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances." This court finds that allowing Plaintiff to amend its pleadings to add Uber to this action is just, considering Uber should have had notice of the action since Defendant Barry's vehicle is registered to Uber's database. Accordingly, Plaintiff's motion is GRANTED without opposition.
LIABILITY:
Plaintiff moves for summary judgment in her favor against Defendants on the issue of liability. In support of her motion, Plaintiff submitted her deposition transcript and the police accident report. In her transcript, Plaintiff testified that her vehicle was stopped, and had been stopped approximately 30 to 40 seconds before Defendant Barry rear-ended her vehicle [FN2]
. The [*2]notes in the Police Report indicate that on the day of the accident, Plaintiff stated "she was slowing down for a vehicle in front of her when she was rear ended"[FN3]
by Defendant Barry. Based upon the foregoing, Plaintiff argues that she is entitled to summary judgment against Defendants on the issue of liability. In opposition, Defendants argue that Plaintiff made a sudden stop, making the Plaintiff partially at fault for the collision and at the very least, issues of fact exist regarding the sudden stop.
When deciding a summary judgment motion, the Court must "determine whether material factual issues exist, not to resolve such issues." Lopez v. Beltre, 59 AD3d 683, 685 (2nd Dept. 2009); Santiago v. Joyce, 127 AD3d 954 (2nd Dept. 2015). As such, to succeed on a summary judgment motion, "it must clearly appear that no material and triable issue of fact is presented ...." Sillman v. Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 (1957); see also Rotuba Extruders v. Ceppos, 46 NY2d 223 (1978); Andre v. Pomeroy, 35 NY2d 361 (1974); Stukas v. Streiter, 83 AD3d 18 (2nd Dept. 2011); Dykeman v. Heht, 52 AD3d 767 (2nd Dept. 2008). Further, summary judgment should not be granted where there is an "arguable" issue of fact. Id. A court should not grant a summary judgment motion where "'facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility.'" Collado v. Jiacono, 126 AD3d 927, 928 (2nd Dept. 2015) (quoting Scott v. Long Is. Power Auth., 294 AD2d 348, 348 [2nd Dept. 2002]); see Chimbo v. Bolivar, 142 AD3d 944 (2nd Dept. 2016); Bravo v. Vargas, 113 AD3d 579 (2nd Dept. 2014). Should the moving party fail to show the absence of a triable issue of material fact, the motion for summary judgment must be denied. See Gilbert Frank Corp. v. Federal Ins. Co., 70 NY2d 966 (1988); Winegrad v. New York Univ. Med. Ctr., 64 NY2d 851 (1985).
To successfully argue for summary judgement, the proponent of said motion "'must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" Ayotte v. Gervasio, 81 NY2d 1062, 1063 (1993) (quoting Alvarez v. Prospect Hosp., 68 NY2d 320 [1986]). Once the proponent has made a prima facie showing, the burden then shifts to the party opposing the motion to produce evidence sufficient to establish the existence of a triable issue of material fact. See Zuckerman v. City of New York, 49 NY2d 557 (1980).
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle[.]" Catanzaro v. Edery, 172 AD3d 995, 996 (2nd Dept. 2019); see Vehicle and Traffic Law § 1129(a). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision[.]" Id. "Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, 'must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead'" Id. (citing Arslan v. Costello, 164 AD3d 1408,1409-10 [2nd Dept. 2018]).
Here, despite conflicting testimony about whether Plaintiff's vehicle was slowing down to stop or already stopped when Defendants rear-ended her, this Court finds that Plaintiff has [*3]demonstrated her prima facie entitlement to summary judgment on the issue of liability. It was the duty of Defendants to maintain a reasonably safe distance and speed to avoid collision with the Plaintiff. Defendant failed to do so, regardless of whether Plaintiff was slowing down or was already stopped. Moreover, a Plaintiff is no longer required to show freedom from comparative fault to establish their prima facie case. See Rodriguez v. City of New York, 31 NY3d 312, 324 (2018).
The Court also finds that Defendants have failed to raise a triable issue of fact as to the existence of a nonnegligent explanation for the accident. "The claim that the Plaintiff made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the following vehicle[.]" Kastritsios v. Marcello, 84 AD3d 1174 (2nd Dept. 2011). The only evidence for Defendants' contention that Plaintiff made a sudden stop is Defendant Barry's statement provided to the Police on the day of the accident [FN4]
but this is insufficient to rebut the presumption of negligence. Moreover, Defendant Barry is precluded from testifying at trial and will be unable to demonstrate any alleged comparative fault by the Plaintiff.[FN5]
Accordingly, the branch of the motion seeking summary judgment on the issue of liability against the Defendants and finding Plaintiff free from comparative fault is GRANTED.
THRESHOLD:
Plaintiff now moves for summary judgment in her favor against Defendants on the issue of serious injury threshold. In response, Defendants filed an opposition to Plaintiff's motion and a cross-motion seeking summary judgment in their favor on the issue of serious injury threshold. Plaintiff opposes Defendants' cross-motion. Plaintiff argues that she meets the sixth, seventh, eight, and ninth statutory categories under Insurance Law § 5104.
As the proponent on the summary judgment motion, the Plaintiff has the burden of making a prima facie showing that she suffered a serious injury pursuant to Insurance Law § 5102(d) and that her injuries were causally related to the accident. Elshaarawy v. U-Haul Co. of Mississippi, 72 AD3d 878, 881 (2nd Dept. 2010).
Insurance Law § 5104 provides that there shall be no right of recovery for personal injuries arising out of negligence in the use or operation of a motor vehicle within the state, except in the case of serious injury or for basic economic loss. See Insurance Law § 5104. Serious injury is defined by nine (9) statutory categories. The sixth, seventh, eight, and ninth categories are potentially relevant in this case and are personal injuries that result in (6) permanent loss of use of a body organ, member, function or system; (7) permanent consequential limitation of use of a body organ or member; (8) significant limitation of use of a body function or system; (9) or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment. Insurance Law § 5102(d).
Plaintiff, in support of their argument for summary judgment based on serious injury, [*4]submitted her deposition transcript, certified worker's compensation records, and medical reports detailing the Plaintiff's alleged injuries. However, the operative report by surgeon Demetrios Koutsospyros and a re-examination report by chiropractor David Hong are unaffirmed affidavits and are inadmissible for the purposes of this motion. See C.P.L.R. § 2106; Grasso v. Angerami, 79 NY2d 813 (1991) (holding that an unsworn doctor's report tended by Plaintiff as proof of "serious injury" was in inadmissible form and would not defeat a motion for summary judgment).
This Court finds that Plaintiff has not met their prima facie burden demonstrating that the Plaintiff sustained a serious injury pursuant to Insurance Law 5102(d). Plaintiff fails to submit sufficient evidence to demonstrate a causal connection between the injuries alleged by Plaintiff and Plaintiff being prevented from performing customary daily activities. While Plaintiff provides her deposition transcript [FN6]
, in which she testified that as a result of the accident, Plaintiff went from working full time to part time since she suffered pain in her neck, shoulders and back, which prevented her from working more hours, Plaintiff does not provide further evidence of any other customary daily activities being substantially impacted. Moreover, Plaintiff did not provide the court with any medical record advising Plaintiff to refrain from certain customary activities. Further, Plaintiff provides a medical report by Doctor Brian S. Haftel [FN7]
, in which he mentions reports by Apple Clinic Physician, which allegedly treated the Plaintiff two days after the accident and until January 2022, but Plaintiff fails to provide the Court with these medical reports.
Moreover, while Plaintiff argues that she suffers from permanent loss, permanent consequential limitation, and/or significant limitation of use of her range of motion, Plaintiff relies on the medical report by Doctor David Hong, as evidence of her restriction of motion. However, as discussed above, Dr. Hong's report is inadmissible. Therefore, Plaintiff has failed to meet her burden of making a prima facie showing that she suffered a serious injury. Accordingly, Plaintiff's motion for summary judgment on the issue of serious injury threshold is DENIED.
Defendants cross-moves for summary judgment seeking dismissal of the Plaintiff's complaint on the issue of threshold, arguing that Plaintiff's injuries do not meet the "serious injury" requirement under Insurance Law § 5012(d). As the proponent on the summary judgment motion, Defendants have the burden of making a prima facie showing that Plaintiff did not suffer a serious injury pursuant to Insurance Law § 5102(d). See Toure v. Avis Rent A Car Sys., Inc., 98 NY2d 345 (2002). In support of their motion, Defendants provide medical reports by orthopedic surgeon, Doctor Thomas Nipper (hereinafter, "Nipper") and radiologist Audrey Eisenstadt (hereinafter, "Eisenstadt").
This Court finds that Defendants have not met their prima facie burden showing that the Plaintiff did not sustain a serious injury pursuant to Insurance Law 5102(d). First, Defendants fail to address the claim, that Plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. See Figueroa v. Dalmar Car Serv. Corp., 41 [*5]AD3d 422 (2nd Dept. 2007).
Moreover, after performing range of motion tests and an examination of the Plaintiff, Nipper opined that Plaintiff's alleged injuries in the cervical spine, thoracic spine, lumbar spine, and bilateral shoulder arthroscopies had resolved, and that there was no disability or permanent injury as a result of the accident. However, Dr. Nipper's test revealed an abnormal range of motion to Plaintiff's shoulders, flexion and abduction to 160 degrees when 180 degrees is normal, and external rotation was to 80 degrees, when 90 degrees is normal. Therefore, the Court finds that Defendants have failed to meet their prima facie burden as Defendants own submitted evidence, raises a triable issue of fact as to whether a "serious injury" exists. Black v. County of Dutchess, 87 AD3d 1097 (2d Dept 2011). Accordingly, Defendants' motion for summary judgment on the issue of serious injury threshold is DENIED.
MOTION TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSES
Plaintiff now moves to dismiss Defendants' First, Second, Third, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses. Defendants' First and Second Affirmative Defense allege that the Court does not have personal jurisdiction over the Defendants and lacks jurisdiction over the subject matter of this action. Defendants' third affirmative defense claims that any damages sustained by the Plaintiff were caused by the culpable conduct of the Plaintiff, including contributory negligence or assumption of the risk. Defendants' Fifth Affirmative Defense alleges that Plaintiff failed to use a seatbelt or other restraining device and therefore failed to mitigate damages. Defendants' Sixth Affirmative Defense applies in a situation in which Plaintiff proceeded to arbitration with respect to any issue related to this action. Defendants' Seventh Affirmative Defense alleges that Plaintiff failed to mitigate damages.
This Court finds that the alleged affirmative defenses, lacking in either evidentiary facts or documentary proof in support, constitute bare legal conclusions. As such, the branch of Plaintiff's motion seeking to strike Defendants' Affirmative Defenses is GRANTED, and said answers are stricken.
Accordingly, it is hereby
ORDERED, that Plaintiff's motion to amend the caption, complaint, and serve supplemental summons is GRANTED; and it is further
ORDERED, that the caption of the action shall be amended to reflect the foregoing, and all papers to be served and filed herein shall bear the following caption:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------x Index No. 710000/2021
SANDRA SHEPHERD,                                                              Plaintiff,                       
- against -
ALPHA OUSMANE BARRY, MOMO LIMO, INC., UBER TECHNOLOGIES, INC., and UBER U.S.A., LLC.,                                                               Defendants. 
------------------------------------------------x
; and it is further
ORDERED, that plaintiff is directed to serve the supplemental summons and amended verified complaint, with amended caption on all parties within 30 days of this Order with notice of entry; and it is further
ORDERED, that Plaintiff's motion for summary judgment on the issue of liability is GRANTED; and it is further
ORDERED, that Plaintiff's motion for summary judgment on the issue of serious injury threshold is DENIED; and it is further
ORDERED, that Defendants' motion for summary judgment on the issue of serious injury threshold is DENIED; and it is further
ORDERED, that Plaintiff's motion to dismiss Defendants' First, Second, Third, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses is GRANTED.
This constitutes the Decision and Order of the Court. Any relief sought not addressed herein is denied.
Dated: June 6, 2024
Long Island City, New York
_________________________________________
HON. LUMARIE MALDONADO-CRUZ, A.J.S.C

Footnotes

Footnote 1:EF # 55.

Footnote 2:EF #50, page 26.

Footnote 3:EF # 46.

Footnote 4:Id.

Footnote 5:EF # 55.

Footnote 6:EF # 50, pages 12-14.

Footnote 7:EF # 74.