Williams v Bonne Annee (2024 NY Slip Op 51057(U))

[*1]

Williams v Bonne Annee

2024 NY Slip Op 51057(U)

Decided on August 13, 2024

Supreme Court, Queens County

Maldonado-Cruz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
Supreme Court, Queens County

Destini Williams, Plaintiffs,

against
Etienne Bonne Annee, BERTA C. PALACIOS DE LEON, 
 HERBERTO DE LEON ESCOBAR, and SUSAN MONTANARO, Defendants.

Index No. 713554/2022 

Victor Bota, Esq. for Plaintiff
Jennifer Karrmann-Granai, Esq. for Defendant Etienne Bonne-Annee
Patricia Korte, Esq. for Defendant Susan Montanaro
Davinderpal Singh, Esq. for Defendants Berta C. Palacios De Leon and Herberto De Leon Escobar

Lumarie Maldonado-Cruz, J.

The following papers numbered E36-E50, E52-E60, and E62 read on this motion by Defendant, ETIENNE BONNE ANNEE (hereinafter "Bonne Annee"), for an order for the following: 1) pursuant to CPLR § 3212 dismissing the Plaintiff's complaint and any and all cross claims against him as he did not breach any duty owed to the Plaintiff and was not the proximate cause of the accident and 2) granting such relief as the Court deems appropriate. Plaintiff, DESTINI WILLIAMS (hereinafter "Plaintiff") opposes Bonne Annee's motion for summary judgment. Defendant, SUSAN MONTANARO (hereinafter "Montanaro"), cross moves for an order for the following: 1) pursuant to CPLR § 3212 granting her summary judgment on the issue of liability against Plaintiff and co-defendants Bonne Annee, BERTA C. PALACIOS DE LEON (hereinafter "De Leon"), and HERBERTO DE LEON ESCOBAR (hereinafter "Escobar") and 2) granting such relief as the Court deems appropriate. Bonne Annee partially opposes Montanaro's cross-motion. Plaintiff opposes Montanaro's cross-motion in its entirety.
PAPERS NUMBERED
Bonne Annee's Notice of Motion-Affirmation-Exhibit E36-E38
Plaintiff's Affirmation in Opposition-Exhibit E39-E40
Montanaro's Notice of Cross-Motion—Affirmation-Statement of Material
Facts -Exhibits-Affirmation of Service E41-E50
Plaintiff's Affirmation in Opposition to Cross-Motion E56
Montanaro's Reply Affirmation in Support of Cross-Motion E57
Plaintiff's Memorandum of Law in Opposition E58
Montanaro's Memorandum of Law in Support-Affidavit of Service E59-E60
Bonne Annee's Memorandum of Law in Support E62
Upon the foregoing papers, it is ordered that Bonne Annee's motion and Montanaro's cross-motion are each DENIED for the following reasons:
This case arises out of a motor vehicle accident that occurred on July 30, 2021. Plaintiff alleges that Plaintiff was operating her vehicle, with her wife as a passenger, when she saw vehicles directly in front of her come to a sudden stop. Plaintiff further alleges that upon seeing the vehicle in front of her stop suddenly, Plaintiff moved her vehicle to the left on the shoulder of the roadway, when the vehicle in front of her, operated by De Leon and owned by Escobar, began to do the same, causing the Plaintiff's vehicle to strike De Leon's vehicle on its driver's side doors and the roadway's median. Plaintiff further states that her vehicle continued moving forward until it struck Bonne Annee's vehicle's, which had already collided with the median as well. Lastly, Plaintiffs allege that these impacts caused her to suffer injuries. Defendant Bonne Annee, in his affidavit, alleges that he was operating his 2013 Mazda vehicle, when after fully merging into the left most lane on the Northern State Parkway, traffic came to a complete stop. Bonne Annee alleges that he then felt an impact at the rear of this vehicle, causing his vehicle to be pushed into the concrete median on the driver's side of his vehicle. Defendant Montanaro, in her affidavit, alleges that she was operating her 2016 Subaru, when, while she was in the left most lane, a non-party vehicle suddenly moved in front of her, cutting her off, and forcing her to suddenly stop. Montanaro further alleges that her vehicle was at a complete stop when Bonne Annee's vehicle rear ended her vehicle.
Bonne Annee now moves for summary judgment on the issue of liability, arguing that he was not the proximate cause of the accident and thereby did not breach any duty owed to the Plaintiff.[FN1]
Specifically, Bonne Annee argues, that, as one of the middle vehicles in a multi-vehicle accident who was propelled into the lead vehicle (Montanaro) by a vehicle that struck him in the rear (Plaintiff), Bonne Annee has a non-negligent explanation for contacting the vehicle in front of his and bears no liability.[FN2]
Similarly, Montanaro now cross-moves for summary judgment, also on the basis on liability, arguing that she, too, was not the proximate cause of the Plaintiff's accident. Namely, Montanaro argues that there was an unforeseeable intervening act (the non-party vehicle that allegedly cut her off), that "broke the natural and continuous sequence between [Montanaro's] conduct and the plaintiff's injury, making [Montanaro] no longer liable."[FN3]

When deciding a summary judgment motion, the Court must "determine whether material factual issues exist, not to resolve such issues." Lopez v Beltre, 59 AD3d 683, 685 [2nd Dept. 2009]; Santiago v Joyce, 127 AD3d 954 [2d Dept 2015]. As such, to succeed on a summary judgment motion, "it must clearly appear that no material and triable issue of fact is presented ...." Sillman v. Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]; see also Rotuba Extruders v. Ceppos, 46 NY2d 223 [1978]; Andre v. Pomeroy, 35 NY2d 361 [1974]; Stukas v. Streiter, 83 AD3d 18 [2nd Dept. 2011]; Dykeman v. Heht, 52 AD3d 767 [2nd Dept. 2008]. Further, summary judgment should not be granted where there is an "arguable" [*2]issue of fact. Id. A court should not grant a summary judgment motion where "'facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility.'" Collado v Jiacono, 126 AD3d 927, 928 [2nd Dept. 2015] (quoting Scott v Long Is. Power Auth., 294 AD2d 348, 348 [2nd Dept. 2002]); see Chimbo v Bolivar, 142 AD3d 944 [2nd Dept. 2016]; Bravo v Vargas, 113 AD3d 579 [2nd Dept. 2014]). Should the moving party fail to show the absence of a triable issue of material fact, the motion for summary judgment must be denied. See Gilbert Frank Corp. v. Federal Ins. Co., 70 NY2d 966 [1988]; Winegrad v. New York Univ. Med. Ctr., 64 NY2d 851 [1985].
To successfully argue for summary judgement, the proponent of said motion "'must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" Ayotte v Gervasio, 81 NY2d 1062, 1063 [1993], (quoting Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Once the proponent has made prima facie showing, the burden then shifts to the party opposing the motion to produce evidence sufficient to establish the existence of a triable issue of material fact. See Zuckerman v City of New York, 49 NY2d 557 [1980].
In opposition to Bonne Annee's and Montanaro's motions, Plaintiff contends that there is a question of fact as to 1) whether Montanaro and Bonne Annee "'contributed to the accident by traveling at excessive rates of speed behind the cars in front of them and making sudden stops.'"[FN4]
; 2) the sequence of collisions involved in this multi-car accident; and 3) whether the Plaintiff acted reasonably when responding to the collision occurring in front of her.
CPLR § 3212(f) authorizes a court to deny a motion for summary judgment when that motion has been filed prematurely.[FN5]
A motion for summary judgment is prematurely filed when essential facts are missing to justify opposition to the motion and those facts are within the exclusive knowledge of a party that has not yet been deposed. See Smith v. New York, 133 AD2d 818 [2nd Dept. 1987]; A.L. v. Able Healthcare Services, Inc.; 189 AD3d 813 [2nd Dept. 2020]; Rutherford v. Brooklyn Navy Yard Development Corporation, 174 AD3d 932 [2nd Dept. 2019].
Moreover, summary judgment is inappropriate when there is conflicting evidence as to how a multi-vehicle accident involving chain-reaction collisions occurred. See Hudson v. Cole, 264 AD2d 439 [2nd Dept. 1999]; Quezada v. Aquino, 38 AD3d 873 [2nd Dept. 2007]; Bovt v. Subaru Auto Leasing, Ltd., 50 AD3d 612 [2nd Dept 2008]; Polanco-Espinal v. City of New York, 84 AD3d 914 [2nd Dept. 2011].
In viewing the presented evidence in the light most favorable to the opposing parties the Court finds Bonne Annee's and Montanaro's motions have been prematurely filed and the movants have not established a prima facie showing of entitlement to summary judgment on the issue of liability. As previously discussed, there is a question of fact as to how many collisions occurred in this multi-vehicle accident, the sequence in which the vehicles collided, and whether the parties acted reasonably in trying to prevent the collisions. Here, the only party that had been [*3]deposed at the time of the filing of these motions was the Plaintiff. Discovery remains incomplete in this complex multi-vehicle accident case. Bonne Annee's affidavit states that he was at a complete stop in the left most lane of the roadway when Plaintiff's vehicle collided with his,[FN6]
which is a direct contradiction to Plaintiff's deposition in which Plaintiff states she observed Bonne Annee's vehicle to have already hit the media when their vehicles collided.[FN7]
Further, additional information is required to determine whether Montanaro was driving in a proper manner and acted reasonably when the aforementioned non-party vehicle allegedly cut Montanaro off by crossing into the left most lane directly in front of her. Moreover, there is no information about what, if any, role Defendant De Leon's vehicle played in causing the collision as De Leon and Escobar failed to file papers responding to Bonne Annee's and Montanaro's motions.
Accordingly, it is hereby
ORDERED, that the Defendant Bonne Annee's motion for summary judgment on the basis of liability is denied, without prejudice, with leave to renew following the completion of depositions in this matter; and it is further
ORDERED, that the Defendant Montanaro's cross-motion for summary judgment on the basis of liability is denied, without prejudice, with leave to renew following the completion of depositions in this matter; and it is further
ORDERED, that any other requested relief not expressly addressed herein has nonetheless been considered by this Court and is hereby denied; and it is further,
ORDERED, that the Defendant Bonne Annee shall serve a copy of this Order with Notice of Entry upon the clerk of this court and upon all parties on or before August 22, 2024.
This constitutes the Decision and Order of the Court.
Dated: August 13, 2024
E N T E R
Long Island City, NY
Hon. Lumarie Maldonado-Cruz, A.J.S.C.

Footnotes

Footnote 1:Bonne Annee's Memo of Law pp.3-4 (E62).

Footnote 2:Id.

Footnote 3:Montanaro's Memo of Law p. 5 (E59).

Footnote 4:Plaintiff's Memo of Law p. 2, quoting Thoman v. Rivera, 16 AD3d 667, 669 (2d Dept. 2005).

Footnote 5:"Should it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just." CPLR § 3212(f).

Footnote 6:Bonne Annee's Affidavit p. 3 (E38).

Footnote 7:Plaintiff's Deposition pp. 47-48 (E40).